## FOGARTY v. NEW YORK DOCK CO.

(Supreme Court, Appellate Division, Second Department. June 27, 1913.)

NEGLIGENCE (§ 44*)—ACTIONS—INJURIES.

In an action for personal injuries caused by the falling of a gate on the premises of defendant, no recovery can be had where it appeared the way the gate was placed it should have remained indefinitely in that position, unless interfered with and it was not shown that defendant's negligence caused it to fall.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 266–278, 281, 282; Dec. Dig. § 44.*]

Appeal from Special Term, Kings County.

Action by Joseph Fogarty against the New York Dock Company. From an order granting plaintiff's motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

James J. Mahoney, of New York City, for appellant.

Frank F. Davis, of New York City (Adolph Feldblum, of Brooklyn, on the brief), for respondent.

PER CURIAM. There is no evidence of the cause of the fall of the gate which struck and injured plaintiff. There is some suggestion that the wind was blowing upon the day that it fell, but there is no evidence as to the force thereof, nor that it was blowing at the particular time when the accident occurred. A gate placed in the position in which the evidence on the part of plaintiff's witnesses shows this gate was placed would remain indefinitely in that position, held by its own weight and by the force of gravity, unless interfered with. There is no evidence of the nature of such interference or defendant's responsibility therefor.

The order granting a new trial in this action should be reversed and the direction for a nonsuit sustained, and judgment directed in accordance therewith, with costs of the action and of this appeal.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes