HAROLD C. ROLLINS *vs.* CENTRAL MAINE POWER COMPANY.

Kennebec.    Opinion September 11, 1913.

*Demurrer.   Due Care.   Exceptions.   Negligence.   Proximate Cause.*

The plaintiff, an electric car conductor, alleged in his declaration, that, in the course of his duty, and in the exercise of due care, he was attempting to turn the trolley pole on his car from one end to the other, and that in so doing, "the trolley pole suddenly, with great force and violence, came in contact with the glass globe of an arc light negligently located by the defendant, breaking the globe so that a portion of it falling struck him in the eye, and entirely destroyed the sight of it."

*Held;* on demurrer, that the proximate cause of the injury, as alleged in the declaration, was the negligent act of the defendant, and not the plaintiff's act in turning the pole.

On exceptions by defendant. Exceptions overruled.

This is an action on the case in which the plaintiff seeks to recover damages for an injury to one of his eyes, alleged to have been caused by the negligence of the defendant in locating, erecting and maintaining an electric arc lamp less than fourteen feet from the ground, and so placed with reference to the stopping place of the car of which the plaintiff was conductor, that in turning the trolley pole to prepare for the return trip, it came in contact with glass globe around the lamp, breaking same and causing pieces of the glass to hit him in one of his eyes, destroying the sight of same.

The defendant filed a general demurrer to the plaintiff's declaration and the presiding Justice overruled the same. To this ruling, the defendant excepted.

The case is stated in the opinion.

*B. F. Maher, H. H. Murchie,* for plaintiff.

*H. D. Eaton,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J. Exceptions to the overruling of the defendant's demurrer. In the declaration it is alleged in substance, among other things, that the plaintiff on the day of the injury complained of was a conductor on one of the cars of an electric railway; that Depot Square in Gardiner was the terminal point of his car; that the defendant company had previously located and was then maintaining an electric arc lamp less than fourteen feet from the ground, and so placed with reference to the stopping place of the plaintiff's car, that in turning the trolley pole to prepare for the return trip there was great danger of the pole's breaking the glass globe around the lamp; and that in so placing the light the defendant was negligent. It is further alleged that the plaintiff on the day in question, in the course of his duty was attempting "to turn the trolley pole on the car from one end to the opposite end, and while so doing, and while in the exercise of ordinary care, the trolley pole suddenly, with great force and violence came in contact with the glass globe of the arc light negligently located as aforesaid, breaking the globe so that a portion of it falling struck him in the eye, and entirely destroyed the sight of it."

The point taken under the demurrer is that, even if the defendant was negligent, the declaration shows on its face that its negligence was not the proximate cause of the plaintiff's injury. It is contended that the plaintiff's own act by which the trolley pole struck the globe with "great violence" was the true proximate cause. We do not think the point is well taken.

Of course, if the plaintiff negligently handled the trolley pole so as to cause or allow it to strike the globe, he cannot recover in this suit. But that is a question which cannot be settled on demurrer.

The plaintiff alleges that he was in the exercise of due care. And the fact that the trolley pole struck the globe with great violence may have been due to the plaintiff's negligence, and it may not have been. That can be determined only upon a trial on the merits.

Upon the allegations, we think that the turning of the pole by the plaintiff should be called the occasion, and not the proximate cause, of his injury. *Pollard* v. *Maine Central R. R. Co.,* 87 Maine, 51. It is no more an intervening cause than is the walking of a man who steps into an unguarded hole in a sidewalk, or the act of a workman in his work who comes in contact with a buzz-saw. Suppose the lamp had been hung so low that a motor man driving his car, or a traveler driving in the street, had hit it. Can it be said that the driving in either case was the intervening, efficient cause? By no means. Here nothing intervened. The turning of the trolley pole furnished the occasion for the true proximate cause, the alleged position of the lamp, to become operative.

The two cases cited by the defendant, *Nelson* v. *Narragansett Electric Lighting Co.,* 26 R. I., 258, and *Leeds* v. *N. Y. Telephone Co.,* 178 N. Y., 118, are not in point. In each of the cases, the intervening cause which was held to be the proximate cause of the injury, was the wrongful, negligent act of a third party. See, also, *Currier* v. *McKee,* 99 Maine, 367.

*Exceptions overruled.*