SOUTHERN EXPRESS COMPANY, *Plaintiff in Error,* v. J. M. WILLIAMSON, *Defendant in Error.*

Opinion Filed November 4, 1913.

1. Actionable negligence may flow from the failure of a party to observe a general or particular duty towards others under circumstances that in law impose the duty, where such failure proximately injures another. Whether there has been actionable negligence depends upon the particular facts and the law applicable thereto.

2. In an action to recover damages for a negligent injury where it clearly appears that from any reasonable aspect of the facts and circumstances alleged or proven, actionable negligence cannot be imputed to the defendant in the premises,

the court should by appropriate procedure determine the issue in favor of the defendant as matter of law.

3. When the standard of the defendant's duty under the facts and circumstances alleged or proven, is fixed in law or certain or undisputed in fact, and the breach of such duty to the plaintiff's injury is clearly shown, or when the defendant's negligence and liability therefor are under the showing made so clear and palpable that no verdict could make it otherwise, then actionable negligence appears as matter of law, and the court in appropriate procedure may so determine.

4. Ordinarily when actionable negligence is duly alleged, the existence of negligence as alleged, is a question of fact for the jury to determine from the evidence under propr instructions as to the law applicable thereto, and not for the court to declare as matter of law.

5. Whenever under the facts sufficiently alleged, actionable negligence may be shown by competent evidence, the question of defendant's negligence as alleged and of the injury proximately resulting therefrom to the plaintiff or to those represented by the plaintiff, should be properly submitted to the jury with appropriate instructions from the court as to the law applicable to the facts and circumstances rightly in evidence.

6. Where in an action for damages there are in one count of a declaration general allegations of negligence and also allegations of specific negligence that caused the stated injury, the plaintiff should prove the specific allegations substantially as alleged and ordinarily will not be permitted to prove under the general allegation negligence that is not included in the negligence specifically alleged; and a failure to substantially prove the specific allegations of negligence and resulting injury as alleged, precludes recovery in the action.

7. The rule of *respondeat superior* within its proper scope is applicable to corporations.

8. Contributory negligence is defensive matter. But if contributory negligence appears in the case made by the plaintiff, the defendant may have the benefit of it by appropriate action duly taken.

9. Where a person or corporation invites a member of the public into his or its place of business, he or it owes such person a duty with respect to his safety which may vary with the circumstances of each case. This is essentially true of a public utility corporation such as a common carrier. In any event there is a duty to have the place of business in a reasonably safe condition. And the care required depends upon the circumstances of each case.

10. Where a person after going safely on premises is expressly invited to a particular part of the premises in the course of the business in hand, he is not a trespasser, and he has a right to assume that the premises are safe; and it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any.

11. A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law.

12. Legal liability in damages for a negligent injury does not require that the particular injury alleged should have been contemplated by the defendant. In a case like this it is sufficient if by the exercise of reasonable care the defendant should have anticipated that a heavy casting left insecure standing against and under a counter in the office would fall by force of gravity, and that the negligent act or omission in leaving the casting insecure would naturally and probably cause an injury to some one of the general nature or character of that here alleged.

13. Because of the general instinct of self preservation which generally prompts men to exercise care and caution for their safety, there is ordinarily a presumption that due care and caution were observed in particular instances. But like other presumptions of fact arising from the ordinary or usual as distinguished from the invariable or universal conduct of normal men, this presumption may be rebutted and does not exist where it is incompatible with the duly proven conduct of the person in particular circumstances.

14. While the legal effect of the evidence, or the lack of evidence, is a question of law that may be reviewed by the court upon proper procedure, conflicts in the testimony and question of the credibility of competent witnesses are eliminated by the verdict, when there is substantial legal evidence sufficient to support the verdict, and it does not appear that the jury misapplied the law or were not governed by the evidence in making their finding.

15. Where a person after safely entering the office of an express company common carrier, is by the company's agent specially invited to stand at a particular place at the counter in transacting business with the company, and while so doing is injured by the falling of a heavy casting left standing insecurely under and against the counter which was not known to the plaintiff, who had no cause to apprehend danger, the defendant company is liable in compensatory damages for the injury where the plaintiff is not guilty of contributory negligence.

16. Where there is substantial evidence to sustain the verdict and technical errors if any could not reasonably have been prejudicial to the defendant, who was not denied any fundamental rights to which he was entitled, and no material errors of law appear, the judgment will be affirmed.

Writ of error to Circuit Court, Orange County; J. W. Perkins, Judge.

Judgment affirmed.

*Kay* & *Doggett*, for Plaintiff in error;

*Starbuck* & *Starbuck,* for Defendant in error.

WHITFIELD, J.—The declaration alleges that William-son, the plaintiff, went into the office or station of the express company, the defendant, "for the purpose of re-ceiving a bag of seed which had been shipped to him and carried by the said defendant; that the defendant   *   *   * negligently, carelessly and recklessly stood up in said office or station, against the counter or desk at which customers or patrons were expected, allowed and invited to deliver and receive parcels and receipt therefor, a heavy casting, which was imminently dangerous to customers and patrons, of said defendant; that plaintiff was then and there requested by the defendant   *   *   *   to re-ceipt for the aforesaid bag of seed, and that while he was doing so, the aforesaid casting fell, striking plaintiff's foot" causing the injury alleged.

The following pleas were filed:

"1.   That defendant is not guilty as alleged.

2.   That the plaintiff's own acts contributed to his alleged injury, in this, that the plaintiff went behind defendant's counter to sign for the alleged package, and while behind said counter, at a place where the plaintiff as a customer of this defendant, and the general public, are not invited, an alleged piece of iron fell on the plain-tiff's foot.   That had the plaintiff remained on the out-side of said counter, where defendant's customers ordi-narily receive packages and transact business with this defendant, the plaintiff would not have been injured.

3.   That the plaintiff was at the time and place of its

alleged injury a trespasser in this, that the alleged piece of iron fell on the plaintiff's foot while he was behind defendant's counter, and when at a place where the defendant and the general public were warned not to go, and this defendant did not wantonly and wilfully injure the plaintiff."

Issue was joined on the first plea and the following replications to the second and third pleas were filed:

"For replication to the second and third pleas in this behalf plaintiff says that he entered the office of the defendant by the door which appeared to be open to the public and to which he was directed by a notice on the other door of said office, and was injured as alleged in the declaration.

2. And for a second replication to said second and third plea this plaintiff says that he entered the office of the defendant by the door which had been commonly used by the public for many years and that he was not warned in any manner by the defendant, its servants, agents or employees, that he was in a part of said office where he or the general public was not invited; and was injured as alleged in the declaration.

3. And for a third replication to the second and third plea in this behalf, plaintiff says that the defendant by its servants, agents and employees directed and invited the plaintiff to stand at the counter and sign for the package described in said declaration and that this plaintiff stood at said counter at the point indicated by the defendant, its servants, agents and employees and was injured as alleged in the declaration."

A demurrer to the replications was overruled and at the trial the court denied motions of the defendant company for a directed verdict in its favor. A verdict and judg-

ment being rendered for the plaintiff, the defendant took writ of error.

It is contended that the pleadings show the plaintiff to have been "a trespasser, or at most a licensee," and that liability of the defendant does not appear. The plea of not guilty operated to deny the allegation of the declaration that the defendant negligently stood up in its office "against the counter or desk" at which customers were allowed or invited to receive and receipt for parcels, a heavy casting imminently dangerous of such customers. Circuit Court Rule 71. Issue was joined on this plea. The second plea averred contributory negligence of the plaintiff in being when injured *behind* the counter where the general public are not invited. The third plea avers that the plaintiff was when injured a trespasser in that he was *behind* defendant's counter where the general public were warned not to go and defendant did not wantonly and wilfully injure the plaintiff. The replicationns allege that the plaintiff entered the office by the door which appeared to be open to the public and to which he was directed by a notice on the other door of said office; that he entered the office by the door which had been commonly used by the public, and was not warned in any manner that he was where the general public was not invited; and that the defendant "invited the plaintiff to stand at the counter and sign for the package * * * and that plaintiff stood at said counter at the point indicated by the defendant * * * and was injured as alleged in the declaration."

The declaration does not allege that the heavy casting was *in front* of the counter but that it was by the defendant "negligently, carelessly and recklessly stood up * * * *against* the counter or desk *at which* customers or patrons were expected, allowed and invited to

\* \* \* receive parcels and receipt therefor." The allegation of the replication that the defendant "directed and invited the plaintiff to stand at the counter and sign for the package \* \* \* and that plaintiff stood at said counter at the point indicated by the defendant," is a sufficient response to the averments of the pleas that the plaintiff contributed to his injury by being *behind* the counter; and that plaintiff was a trespasser by being *behind* the counter at a place where the general public were warned not to go. There is no material variance between the allegations of the declaration that the casting stood *against* the counter *at which* customers receipted for parcels, and the allegations of the replication that defendant invited plaintiff to stand at the counter and that plaintiff stood at the point indicated, being at but behind the counter.

Doubtless behind the counter was the proper place for the heavy casting to be; but the demurrer of the defendant admits the allegations of the replication that "the defendant \* \* \* directed and invited the plaintiff to stand at the counter," and that "plaintiff stood at said counter at the point indicated by the defendant \* \* \* and was injured as alleged." Thus the issue was made whether the defendant "directed and invited the plaintiff to stand at the counter" where and when he was injured and whether the plaintiff was acting on such invitation when injured. This issue was sufficiently presented to be submitted to a jury along with the issue made by the plea of not guilty as to whether the defendant negligently stood up in its office a heavy casting imminently dangerous to customers of defendant.

Actionable negligence may flow from the failure of a party to observe a general or particular duty towards others under circumstances that in law impose the duty.

where such failure proximately injures another. Whether there has been actionable negligence depends upon the particular facts and the law applicable thereto.

In an action to recover damages for a negligent injury where it clearly appears that from any reasonable aspect of the facts and circumstances alleged or proven, actionable negligence cannot be imputed to the defendant in the premises, the court should by appropriate procedure determine the issue in favor of the defendant as matter of law. And when the standard of the defendant's duty under the facts and circumstances alleged or proven, is fixed in law or certain or undisputed in facts, and the breach of such duty to the plaintiff's injury is clearly shown, or when the defendant's negligence and liability therefor are under the showing made so clear and palpable that no verdict could make it otherwise, then actionable negligence appears as matter of law, and the court in appropriate procedure may so determine. But ordinarily when actionable negligence is duly alleged, the existence of negligence as alleged, is a question of fact for the jury to determine from the evidence under proper instructions as to the law applicable thereto, and not for the court to declare as matter of law. Whenever under the facts sufficiently alleged, actionable negligence may be shown by competent evidence, the question of the defendant's negligence as alleged and of the injury proximately resulting therefrom to the plaintiff or to those represented by the plaintiff, should be properly submitted to the jury with appropriate instructions from the court as to the law applicable to the facts and circumstances rightly in evidence. Where in an action for damages there are in one count of a declaration general allegations of negligence and also allegations of specific negligence that caused the stated injury, the plaintiff should prove the specific allega-

tions substantially as alleged and ordinarily will not be permitted to prove under the general allegation negligence that is not included in the negligence specifically alleged; and a failure to substantially prove the specific allegations of negligence and resulting injury as alleged, precludes recovery in the action. See Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

Under principles of the common law in force in this State, where A, or one for whose act or omission A is in law responsible, negligently or without the exercise of due care, does or omits to do an act that proximately causes or permits the operation of well known forces of nature, such as physical gravitation, to injure B, as to whom A or the person acting for him owed a duty to exercise due care in the premises, and such injury would not have occurred but for the negligent act or omission of A or his representative, A may be liable in compensatory damages for such substantial injuries that proximately result in fact from his negligence as reasonably should have been anticipated or expected as a natural and probable consequence of the negligent act or omission, provided B did not negligently contribute proximately to his own injury.

The rule of *respondeat superior* within its proper scope is applicable to corporations. Contributory negligence is defensive matter. But if contributory negligence appears in the case made by the plaintiff, the defendant may have the benefit of it by appronpriate action duly taken.

Where a person or corporation invites a member of the public into his or its place of business, he or it owes such person a duty with respect to his safety which may vary with the circumstances of each case. This is essentially true of a public utility corporation such as a common carrier. In any event there is a duty to have the place of

business in a reasonably safe condition.   And the care required depends upon the circumstances of each case.

Where a person after going safely on premises is expressly invited to a particular part of the premises in the course of the business in hand, he is not a trespasser, and he has a right to assume that the premises are safe; and it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any.   See J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 South. Rep. 45, Ann. Cas. 1913, C 564; Lehman v. Amsterdam Coffee Co., 146 Wis. 213, 131 N. W. Rep. 362; Dutton v. Greenwood Cemetery Co., 80 N. Y. Supp. 780, 80 App. Div. 352.   Leaving the heavy casting standing against the counter as alleged may be negligence under circumstances to be proven.

The allegations of the replications that the plaintiff entered the office of the defendant company by a door which *"appeared"* to be open to the public, and that the door *had* been used by the public, are not material when the demurrer admits the controlling fact alleged that the defendant "directed and invited the plaintiff to stand at the counter and sign for the package   *   *   *   and that plaintiff stood at the point indicated by the defendant *   *   *   and was injured as alleged in the declaration."

Even if as averred in the pleas "the plaintiff went behind defendant's counter," where "the general public are not invited," the demurrer admits the allegation of the replication that the defendant "directed and invited the plaintiff to stand at the counter and sign for the package, *   *   *   and that plaintiff stood at said counter at the point indicated by the defendant   *   *   *   and was injured as alleged in the declaration."   If the plaintiff in good faith did as he was directed and invited to do by the defendant common carrier on its premises in getting

his freight package, and without contributory negligence was injured in doing so, he may recover compensatory damages for injuries to himself proximately caused by the defendant's negligence in having its premises in an unsafe condition.  The demurrer to the replications was properly overruled.

A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff.  If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law.   Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 South. Rep. 496.

There was substantial evidence to sustain the allegation of negligence of the defendant in leaving the heavy casting standing against the counter and the allegation that the plaintiff was directed and invited by the defendant's agent to stand at the counter where and when he was injured by the falling of the heavy casting left standing on the defendant's premises where the plaintiff was invited to stand in discharging his business transaction with the common carrier defendant.  The evidence of the fact that the casting did fall on and injure the plaintiff, a customer, at a place where he was invited to stand as a customer of the defendant, shows that the casting was in its location and position imminently dangerous to customers in plaintiff's position; and from this showing the jury were legally warranted in finding negligence on the part of the defendant in leaving the casting standing insecure against the counter.  The evidence made a case

for the jury to determine, and on this record it cannot be said that the verdict is against the law and the evidence. This case is wholly unlike that of Girtman Bros. v. Eaton, 64 Fla. 69, 59 South. Rep. 397, 2 Neg. & Comp. Cas. Ann. 566, or Hodges v. United States, 203 U. S. 1, — Sup. Ct. Rep. —, or Menteer v. V. Scalzo Fruit Co., — Mo. —, 144 S. W. Rep. 833, or Hart v. Grennell, 122 N. Y. 371, 25 N. E. Rep. 354. It cannot be said as matter of law that the defendant should not reasonably have anticipated that injury would result *to some one* from the fall of the heavy casting left standing or leaning insecurely against the counter where persons might stand in transacting business on the counter.

Legal liability in damages for a negligent injury does not require that the particular injury alleged should have been contemplated by the defendant. It is sufficient if by the exercise of reasonable care the defendant should have anticipated that the heavy casting left insecure would fall by force of gravity, and that the negligent act or omission in leaving the casting insecure would naturally and probably cause an injury to some one of the general nature or character of that here alleged. See 29 Cyc. 495; 21 Am. & Eng. Ency. Law 487, *et seq.*; Coolidge v. Hallauer, 126 Wis. 244, 105 N. W. Rep. 568; Sparks v. Wisconsin Cent. R. Co., 139 Wis. 108, 120 N. W. Rep. 858. In this case the heavy casting was left standing or resting against the under part of the counter in such an insecure position that it fell on plaintiff's foot as he was standing at the counter at the point where he was by the defendant's agent invited or directed to stand while receipting for the package transported by the common carrier defendant. In not making the casting secure in its position or else laying it upon the floor so

that it would not be moved by the natural law of gravity, the defendant appears to have been negligent; and such negligence was apparently a proximate cause of the injury alleged. Even if the casting was accidentally touched by the plaintiff, he apparently did not know of its presence or of its unsafe position under the counter and consequently had no reason to apprehend danger from it. There is no showing that the plaintiff was negligent in contributing to his injury which was caused by the falling of a heavy casting left in an insecure position on the premises of the defendant at the place where the plaintiff was invited or directed to stand in transacting business. In all probability the injury would not have occurred if the defendant had not left the heavy casting standing insecure in its position against the under part of the counter at which plaintiff was invited to stand in transacting business with the defendant. This makes the negligence of the defendant the proximate cause of the injury. American Express Co. v. Risley, 77 Ill. App. 476. Because of the natural instinct of self preservation which generally prompts men to exercise care and caution for their safety, there is ordinarily a presumption that due care and caution were observed in particular instances. But like other presumptions of fact arising from the ordinary or usual as distinguished from the invariable or universal conduct of normal men, this presumption may be rebutted and does not exist where it is incompatible with the duly proven conduct of the person in particular circumstances. The burden was upon the defendant to show contributory negligence on the part of the plaintiff, and there is no direct testimony that the plaintiff was negligent in contributing to his injury, nor is there any evidence from which an inference of negligence may be drawn to overcome the presumption

that the plaintiff exercised due care for his own safety. The plaintiff used crutches in walking, but this fact was patent to the defendant's agent and no negligence by the plaintiff in using the crutches is shown. The plaintiff having been invited to stand on the side of the counter under which the casting was left leaning or standing, its insecure and unsafe position was apparently a proximate cause of the injury, and it is not clearly shown that the plaintiff should have apprehended danger and did not exercise due care or was guilty of contributory negligence. Consequently there was no error in refusing to give a peremptory charge for the defendant. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Florida Saw Mill Co. v. Smith, 55 Fla. 447, 46 South. Rep. 332; Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364. See also Beckerman v. E. H. Kortkamp Jewelry Co., — Mo. App. —, 157 S. W. Rep. 855.

The injury here was not an inevitable accident. It was not caused solely by the uncontrollable operation of the forces of nature. The human act of the defendant in leaving the heavy casting standing or leaning against the counter without making it secure in its position, thus giving play to the natural law of gravity, was apparently the proximate cause of the falling of the casting on the plaintiff's foot and injuring him as alleged while he was standing at the counter by specific, special invitation of the defendant in transacting business with the defendant in its capacity as a common carrier. The falling of the casting was not an extraordinary occurrence that could not have been foreseen. For injuries resulting to the plaintiff as the natural and proximate consequences of the defendant's act in negligently leaving the

heavy casting standing insecure against the counter, at the place where the plaintiff was specially invited to stand, the defendant company is liable in proper compensatory damages, no contributory negligence of the plaintiff appearing. And this is so even though the plaintiff entered the office through the door not open to the public generally; since after the plaintiff entered the office in safety he was specially and specifically invited to approach the counter at the particular point and to transact business thereon with the common carrier defendant, the injury occurring on the defendant's premises while the business with the common carrier was being transacted as specially directed by the defendant, there apparently being no occasion for the plaintiff to anticipate danger on premises that defendant should keep in reasonably safe condition, and no contributory negligence being shown. While the act of the plaintiff in going up to the counter as invited by the agent of the defendant afforded the occasion or opportunity for the falling of the iron on the plaintiff's foot, yet no negligence of the plaintiff is shown to have been the proximate cause of the falling of the iron and the resulting injury. See Rollins v. Central Maine Power Co., — Me. —, 88 Atl. Rep. 86. And the injury does not appear to have been an inevitable accident. On the contrary the evidence warranted a finding that the proximate cause of the falling of the iron on the plaintiff's foot was the negligence of the defendant's agent in leaving the iron leaning in an insecure position against the counter, from which insecure position it fell upon the plaintiff's foot. It does not appear that the plaintiff knew of or reasonably should have known of the presence or the insecure position of the iron, or that he negligently contributed to the falling of the iron.

The verdict and judgment being for the plaintiff, the main questions to be determined are whether there was substantial legal evidence sufficient to support a finding of liability against the defendant, and whether it appears that the jury were not governed by the evidence. While the legal effect of the evidence, or the lack of evidence, is a question of law that may be reviewed by the court upon proper procedure, conflicts in the testimony and questions of the credibility of competent witnesses are eliminated by the verdict, when there is substantial legal evidence sufficient to support the verdict, and it does not appear that the jury misapplied the law or were not governed by the evidence in making their finding. See Florida East Coast Ry. v. Pierce, 65 Fla. 131, 61 South. Rep. 237. The casting which fell on the plaintiff was not in full sight of the plaintiff and free from threatening danger as was the truck in the case of Hart v. Grennell, 122 N. Y. 371, 25 N. E. Rep. 354. In this case it does not appear that the casting was so placed that it would have remained in its position indefinitely if not interferred with, as appeared with reference to the gate in Fogarty v. New York Dock Co., 142 N. Y. Supp. 625.

There is evidence to sustain the verdict, and technical errors if any in charges given could not reasonably have been prejudicial to the defendant who was not denied any fundamental right to which it was entitled, therefore the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.