THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a Corporation, v. LOUISE SNELLGROVE BELL, *et al.*

3 So. (2nd) 487

Division A

Opinion Filed July 15, 1941

Rehearing Denied August 1, 1941

*Louis W. Dawson* and *Charles Cook Howell,* for Plaintiff in Error.

*D. Stuart Gillis,* for Defendants in Error.

ADAMS, J.—This action was to recover double the value of a life insurance policy. The body of Dudley H. Snellgrove was found early one morning in his yard with his double barrel shot-gun near his body. There was no evidence of a struggle or fight. He had recently been killed by a gunshot which entered at or near his left nipple ranging directly into his body. The gun had one empty shell and one loaded with both hammers down. Deceased had theretofore been in normal health in body and mind. He had no financial or domestic problems or feuds with neighbors. He was familiar with the gun and sometimes hunted. It was during hunting season.

The coroner's jury found death caused by a shotgun wound self inflicted.

Defendant had insured the life of deceased with an obligation to pay double in case death "resulted from bodily injury effected solely through external, violent and accidental means . . ." Upon proof of death the face of the policy was paid and the double liability was disclaimed by pleas denying that death resulted as alleged or that any such proof of same had been submitted to defendant.

From verdict and judgment for plaintiff the case is before us on writ of error.

1. The first question is whether the evidence was sufficient to submit the issue to the jury. This case is ruled by the opinion of this Court in Mutual Life Insurance Company of New York v. Johnson, 122 Fla. 567, 166 So. 443, and not by Anderson v. New York Life Insurance Company, 140 Fla. 198, 191 So. 307.

The manner of death was a question of fact for the jury's determination. Moore v. Diethrich, 133 Fla. 809, 183 So. 2.

". . . A verdict for the defendant should never be directed by the court unless it is clear that there is no evidence whatever adduced that would in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of a different reasonable inference, and if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. See Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20

So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433."

The jury had all the known facts and circumstances before it. In that state of the case the presumption against suicide favored the plaintiff. Johnson case *supra*.

2. Defendant complains of error in allowing experiments and demonstrations in and out of the presence of the jury tending to show deceased's inability to hold the gun in position to take his life. Evidence of this character is admissible provided the experiments are made under the same or similar circumstances to those in issue. In the absence of an abuse of discretion by the trial judge his ruling will not be disturbed. Spires v. The State of Florida, 50 Fla. 121, 39 So. 181; Hisler v. The State of Florida, 52 Fla. 30, 42 So. 692.

3. Defendant asserts error by refusing to receive the verdict of the coroner's jury to prove suicide. We find no good reason to sanction its admission. There are many good reasons to exclude it. In this we are sustained by the great weight of authority. 18 Corpus Juris Secundum, 303.

A third party has no absolute right in law to be present or participate in an inquest. It would be wrong in principle therefore to receive in evidence a verdict against a party who never had an opportunity to participate in its finding. Spiegel's House Furnishing Co. v. Industrial Commission, 6 A. L. R. 540, 288 Ill. 422, 123 N. E. 606.

It might also be observed that the plea of suicide was withdrawn; hence there was no allegation to support such proof. In short, defendant seeks the benefit of evidence without the attendant burden of a supporting plea.

4.  Error is claimed in the refusal to admit in evidence in defendant's behalf certified copy of death certificate showing death by suicide.  There being no basis in the pleadings to sustain same the ruling was correct.  Furthermore the Legislature has provided that such certificates are admissible as prima facie evidence of the facts therein stated.  Section 3291, C. G. L. 1927.  This statute is in derogation of the common law and should be strictly construed.  Bishop v. Shurly, 237 Mich. 76, 211 N. W. 75 (1926); Muller v. Mutual Benefit H. & A. Ass'n., 228 Mo. App. 492, 68 S. W. (2nd) 833 (1934) (held harmless error in this case); 2 Jones, On Evidence (4th Ed. 1938) 982. Unless the statute be complied with strictly the certificate should not be admitted.  In this instance the certificate omitted the word "probably" suicide.  In this respect it did not comply with Section 3277, C. G. L. 1927.

In this we are sustained by the Supreme Court of Iowa under a similar statute and similar facts. Morton v. Equitable Life Insurance Company, 254 N. W. 325, 218 Ia. 846, 96 A. L. R. 315 (1934).

5.  Error is claimed in the giving and refusal of certain charges relating to the burden of proof and presumption against suicide.  We have examined the charge in its entirety and find it fair, complete and free of reversible error.  It is insisted that the presumption against suciide has no place in this case. In plaintiff-in-error's brief it is said "no living man knows how Mr. Snellgrove met his death."  By this assertion, he comes within the ruling of this Court in the Joynson case *supra.*  "The presumption against suicide prevails when the cause of death is unknown." It is true if there had been evidence of suicide the pre-

sumption would have vanished. The defense was not suicide. Had such a defense been interposed with sustaining proof the presumption would have vanished. In this case the defendant merely put plaintiff to proof of her case.

Finding no reversible error the judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.

### ON PETITION FOR REHEARING

PER CURIAM.—The statement in the opinion that: "It might also be observed that the plea of suicide was withdrawn; hence there was no allegation to support such proof. In short, defendant seeks the benefit of evidence without the attendant burden of a supporting plea," followed a ruling on the exclusion of evidence on a stated ground and was not intended to mean that the defendant had no right to the benefit of any legal evidence tending to prove suicide adduced under the issue joined in the cause, but to state that the defendant had not specifically plead suicide so as to advise plaintiff that suicide was intended to be a definitely averred defense in the case, the burden of proving which by competent evidence would be on the defendant. Defendant was not in any way denied the benefit of any evidence in its favor that was adduced at the trial by either party.

The court did not "refuse to consider aspects of the evidence and charges refused which tend to support the defense, because 'the plea of suicide was withdrawn,' and 'defendant seeks the benefit of evidence without the attendant burden of a supporting plea.'" Nor "has this Court held that evidence actually in fact in a record will be considered for one party and ignored as to the other."

No reversible or harmful error in giving or refusing charges was shown. Under the plea in issue the plaintiff had the burden of proof. The evidence adduced was not conclusive; but there was a presumption against suicide and it cannot fairly be said that the verdict is against the manifest weight of the evidence.

The intention of the opinions filed herein is not to change the law as to pleas of suicide or as to presumptions against suicide in this class of cases, but to apply the principles of law announced in Mutual Life Insurance Company v. Johnson, 122 Fla. 567, 166 So. 422, to the pleadings and evidence in this case. See 29 Am. Jur. pp. 1423-1445 and cases cited.

Rehearing denied.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.