**NEW YORK LIFE INSURANCE COMPANY, a foreign corporation doing business in Alachua County, Florida, v. ELLEN I. SATCHER.**

12 So. (2nd) 108                                           January Term, 1943
February 19, 1943                                                   Division A
Rehearing Denied March 8, 1943

*Jordan, Lazonby & Dell* and *Ivan E. Odle,* for appellant.

*Baxter & Clayton,* for appellee.

TERRELL, J.:

This is a suit to recover under the double indemnity provision of a life insurance policy, the face of the policy having been paid. It is contended in the declaration that the insured came to his death by external, violent, and accidental means. There was a plea denying this and alleging that the death resulted from self destruction. The trial resulted in a verdict and judgment for the plaintiff to which appeal was prosecuted.

The ultimate point presented is whether the evidence shows accidental death or suicide. We have examined the record and think the case might be affirmed on authority of

Mutual Life Insurance Company of New York v. Johnson, 122 Fla. 567, 166 So. 442; Gulf Life Insurance Company v. Weathersbee, Jr., 126 Fla. 568, 172 So. 235; and Mutual Life Insurance Company of New York v. Bell, et al., 147 Fla. 734, 3 So. (2nd) 487.

In this, we have not overlooked the contention of appellant that there is substantial evidence of suicide and that the trial court erred in his instructions with reference to the presumption against suicide.

The better reasoned view approves the doctrine that the presumption against suicide is not evidence but is a rule of law which in the event of an unexplained death by violence requires the conclusion that the death was not self imposed until credible evidence of suicide is offered. When such evidence is offered, the presumption vanishes and the court or the jury is at liberty to pass on the issues in the usual manner. The best reasoned case on this point we have found is Jefferson Standard Life Insurance Co. v. Clemmer, 79 Fed. (2nd) 724.

We are not convinced that the charge of the court on the point did violence to this rule. The defendant went forward with the evidence in support of suicide but the major portion of it had reference to illness prior to May, 1941, and was countervailed by evidence to the contrary that the jury was warranted in believing. The state of the evidence was such that it was within the province of the jury to give it such weight as it deemed proper.

The rule is generally approved that when the defendant comes forward with a plea of suicide he must prove it beyond a reasonable doubt just as he would the defense in a criminal case. The evidence must exclude every other reasonable hypothesis of death. If the evidence is such as to leave the minds of the jury in a state of equipoise and they are unable to say whether death was by accident or by suicide, they should not find a verdict for more than the face of the policy because accidental death was not proven, but when there is evidence both ways, the presumption against suicide supports accidental death and to be overcome, the evidence

must leave room for no other reasonable hypothesis than that of suicide.

The judgment is affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.