**TRAVELERS INS. CO. v. BELL.**

No. 13269.

United States Court of Appeals
Fifth Circuit.

May 4, 1951.

Ben A. Meginniss, Ford L. Thompson, Harry Morrison, Tallahassee, Fla., for appellant.

George W. Atkinson, Tallahassee, Fla., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by Mrs. Clyde H. Bell against the Travelers Insurance Company on an accident insurance policy issued by defendant on her deceased husband, Joseph, E. Bell, Jr., on which she was listed as beneficiary.

The complaint alleges the issuance of the policy on the life of deceased in the sum of ten thousand dollars, payable upon proof that death resulted directly and independently of all other causes from bodily injuries sustained during the term of the policy, and effected solely through accidental means; that while the policy was in full force and effect Bell did receive a bodily injury solely through external, violent and accidental means, in that he was killed by a wound inflicted as a result of the accidental discharge of a gun, and his death was under such circumstances as to come within the provisions and undertaking of the policy; that all conditions of the policy had been fulfilled and all premiums paid thereon, but that the defendant had failed and refused to pay the amount due under the policy or any part thereof.

Defendant, in answer, admitted the issuance of the policy and the death of the insured, Joseph E. Bell, Jr., while the policy was in full force and effect, but denied that the death of the insured resulted directly from bodily injuries sustained and effected solely through accidental means, in accordance with the provisions, conditions and limitations of the policy. The answer did not set up any plea or affirmative defense of suicide by the insured, but issue was joined solely upon the allegation of the complaint that the death of insured was accidental, and the denial by defendant of that allegation.

The case was tried to a jury, which rendered a verdict of accidental death, and judgment was accordingly entered for plaintiff. Thereafter, motions to set aside the verdict and, in the alternative, for a new trial, were denied by the trial court.

The evidence reveals that on July 10, 1949, about 10:30 or 11:00 o'clock in the evening, the insured was at home in bed. He was reading, and his wife, appellee, had gone to sleep. About that time, the insured either heard or thought he heard prowlers around the house. He awakened his wife, and told her that someone was outside, after which he procured his pistol from a chest of drawers in the room and left. The evidence is entirely circumstantial as to what happened to him thereafter, but it was in some measure shown that his search for the prowler took him to the sun porch of his home; that while there he assumed a slightly stooped position and peered out into his yard, with the gun held in his hand some 8 inches or more from his head; and that while in that position the gun was in some manner accidentally discharged toward his head, and he was instantly killed.

It was further shown that at the time of his death the insured was in good health, and was making plans for the future; that he was devoted to his family, and not worried or depressed, but in good spirits; that prowlers had frequented the neighborhood of the insured's home, and that on one occasion a year or year and a half before his death the insured had fired his pistol at a burglar who had entered his home; that the insured did not purchase the death weapon immediately prior to his death, but had owned the gun for twelve or fourteen years; and that the insured was not in financial distress at the time of his death, such as would reveal a motive for suicide, but was worth a considerable sum of money and had ample credit resources available for the asking.

■ We are of opinion that appellant's denial that the insured met his death by accidental means is equivalent to an affirmative plea of suicide, and that where, as here, there is evidence of accidental death and an attempt to prove suicide,

there is a presumption against suicide which supports accidental death. Under Florida law, the court was warranted in so charging the jury. New York Life Ins. Co. v. Satcher, 152 Fla. 411, 12 So.2d 108; Mutual Life Insurance Co. of New York v. Johnson, 122 Fla. 567, 166 So. 442; Travelers Ins. Co. v. Wilkes, 5 Cir., 76 F.2d 701, 705.

■ It is well settled in Florida that in determining whether death was by accident or suicide the courts and juries may rely upon circumstantial as well as direct evidence. In the case of Gulf Life Ins. Co. v. Weathersbee, 126 Fla. 568, 172 So. 235, 237, it was held: "The question of whether or not the evidence was sufficient to establish accidental death was essentially a jury question and ordinarily an instructed verdict thereon would be reversed. In determining whether one committed suicide or died by accidental means, courts are not bound by preponderance of evidence rule or rule requiring material facts to be proven beyond a reasonable doubt as in criminal cases, but may be guided by circumstantial as well as direct evidence. Accidental death need not be proven by eyewitnesses but may be deducible from physical and other facts proven."

■ Here, without reviewing the evidence in detail, we conclude from the physical facts proven, and all of the circumstances attendant upon the insured's death, that there is sufficient evidence to support the jury's verdict of accidental death. Mutual Life Insurance Company of New York v. Johnson, 122 Fla. 567, 166 So. 442; Gulf Life Ins. Co. v. Weathersbee, 126 Fla. 568, 172 So. 235; Mutual Life Ins. Co. v. Bell, 147 Fla. 734, 3 So.2d 487.

■ We find no merit in the contention that the judgment should be reversed because of the argument of plaintiff's counsel to the jury, which it is claimed was improper, prejudicial and inflammatory. In this connection, the record reveals that during the course of the objectionable argument no complaint was interposed, no exception was taken, nor was a motion for a mistrial made. Under such circumstances, the trial court may not now be put in error

in this regard. Rogers v. State, 158 Fla. 582, 30 So.2d 625; Thomson v. Boles, 8 Cir., 123 F.2d 487.

We find no reversible error in the record, and the judgment is accordingly

Affirmed.