WIGGINTON, Acting Chief Judge
(concurring specially).
For the reasons' hereinafter stated I am persuaded that the opinion authored by Judge Sack affirming the judgment appealed conforms to the essential requirements of law and should control our decision in this case.
It is agreed that the sole question on appeal challenges the sufficiency of the evi *837 dence to support the verdict and judgment rendered by the trial court sitting as a trier of both the law and the facts. Because of the matters pointed out by Judge Johnson in his dissenting opinion, I find it extremely difficult to resist the temptation to try this case de novo on the evidence and to render that decision which I believe I might have rendered had I been the trier of the facts. The books are replete with too many instances in which appellate courts have yielded to this temptation, and in each instance such action has weakened the fabric of the judicial process and tended to corrupt the principles of law designed to guide us in the proper exercise of our appellate function.
From an objective consideration of the evidence I find it, and the reasonable inferences which may be drawn therefrom, sufficient to support the reasonable hypothesis that the decedent met his death as a result of suicide. Although the record contains evidence from which one might readily speculate that the decedent met his death as a result of accident or the felonious act of a third party, the evidence is not sufficient in my judgment to support a reasonable hypothesis leading to either of those conclusions. Because of these reasons the verdict and judgment conformed to the essential requirements of law as heretofore adopted by the appellate courts of this state.[1]
Principles so deeply imbedded in the deci-sional law of Florida as to not require citations of authority make it clear that the credibility of witnesses and the weight of evidence are matters to be determined exclusively by the trier of the facts, and that an appellate court is not authorized to substitute its judgment for that of the jury or the judge in the fact-finding process. Strict adherence to these principles leave me no conscientious alternative but to conclude that the judgment appealed should be affirmed.

. New York Life Ins. Co. v. Satcher, 152 Fla. 411, 12 So.2d 108, 309.