CARROLL, Judge.
This appeal is by the plaintiff below from an adverse judgment entered on a jury verdict. The widow of an insured, who was the beneficiary under his double indemnity life insurance policy, brought this action to recover the additional payment provided therein for accidental death. By answer the defendant insurer denied that the insured died as a result of an accident as defined in the policy, and quoting an exclusionary clause in the policy precluding recovery of the accidental death benefit where death occurred from suicide averred as a defense to the action that the insured died as a result of suicide.
The evidence relating to the death of the insured was circumstantial. It was revealed that the insured either fell or jumped to his death from the balcony of his apartment which was eight stories above ground; that the balcony rail was 42 inches in height; that there were no witnesses to the occurrence on the balcony; that the insured was elderly, had a heart condition with some hardening of the arteries, and was subject to dizzy spells; and that the incident occurred on a morning, after the insured had eaten breakfast and at a time when his wife was absent, having gone out to do some marketing and to get the mail, with the parties having planned to go swimming in the ocean upon her return. There was evidence the insured had informed his wife he was going out onto the balcony due to the fact that the air conditioning in the apartment was not operating. The evidence did not show existence of any strong reason or motive for suicide, or that the deceased had a tendency thereto. There was no evidence that the death was the result of suicide other than the circumstances incident to the occurrence, including the circumstance that the place where the deceased landed was at a distance from the building which could give rise to an argument that it was more indicative of a jump than of a fall.
The circumstantial evidence presented on behalf of the plaintiff disclosed an unexplained death brought about by external violent meanp, and thereby sufficiently made a prima facie case of accidental death. See Mutual Life Ins. Co. of New York v. Johnson, 122 Fla. 567, 166 So. 442.
At the conference relating to jury charges, held in the trial court at the conclusion of the presentation of the evidence, the plaintiff requested a charge on the law as pronounced by the Supreme Court of Florida in New York Life Ins. Co. v. Satcher, 152 Fla. 411, 12 So.2d 108, in which it was held that where the insurer pleads suicide as a defense in such a case the burden is on the defendant insurer to show by clear and convincing proof that the death was by suicide, after a plaintiff has made a prima facie case of accidental death, and after the presumption against self-destruction has been dispelled by presentation of some evidence from which suicide could be inferred. The request for such instruction was denied by the trial judge who stated: “I don’t think that is the law in Florida. I think the Satcher case is not followed.” The charge given by the court, over objection of the plaintiff, followed the direction in the Satcher case as to the need of the plaintiff to make out a prima facie case of accidental death, and as to the presumption of law against suicide which thereupon arises, but regard *505 ing the burden of proof with relation to suicide the charge given by the trial court placed upon the plaintiff the burden not only to prove a prima facie case of accidental death but also to establish that the death was not by suicide, whereas in Satcher it was held that in such situation the burden of proof is on the defendant to show death by suicide.[1]
The appellant contends the trial court erred in denying the motion of the plaintiff-appellant for directed verdict, and erred by refusing plaintiffs requested charge on the law applicable to the case as pronounced in the Satcher case and by giving a charge which placed upon the plaintiff the burden to prove that the death was not by suicide.
The appellant's challenge of the ruling denying her motion for directed verdict presents a close question. On the facts disclosed in this case where the evidence was circumstantial it can be argued with much force that the plaintiff was entitled to a directed verdict, on authority of Mutual Life Ins. Co. of New York v. Johnson, supra, but we will not fault the trial judge for submitting the case to the jury. However, we find merit in the appellant’s contentions of error regarding refusal of plaintiff’s requested charge based on Satcher and for the charge given as quoted in footnote No. 1.
In the early leading case of Mutual Life Insurance Company of New York v. Johnson, supra, 122 Fla. 567, 166 So. 442, which was for recovery of double indemnity for accidental death, the Supreme Court held that in a case of this kind the burden is first on the plaintiff to prove that death came about by accidental means, and that if and when that is done, by a showing that death was by external and violent means, the plaintiff will have made out a prima facie case,[2] and that the burden then shifts to the defendant to establish that the death was by suicide, when suicide is relied on in defense.
In Johnson the Supreme Court dealt with the question of the quantum of proof in cases of this kind when the evidence is circumstantial, both as to a plaintiff — to establish a prima facie case of accidental death, and as to a defendant insurer relying on suicide — to establish that death was by suicide. As to the former, the court rejected the contention of a defendant insurer that where a plaintiff attempts to establish accidental death by circumstantial evidence it is necessary that the evidence be such as to exclude every hypothesis but that death was by accidental means. However, relating to the burden on a defendant insurer claiming suicide to show that the death was by suicide, the Supreme Court in Johnson considered applicable and invoked the general rule that where circumstantial evidence is relied upon to prove that the death was by suicide it must not only be consistent with suicide but must be such as is inconsistent with every reason *506 able hypothesis of accidental death. Following that holding the Court said: “The rule most generally approved is that when circumstantial evidence is relied on to establish self-destruction, the one relying on it carries the burden of proving it to the exclusion of every reasonable hypothesis of accidental death.” Also, in Johnson the Court held that where evidence in support of death by accidental means or suicide is so nearly balanced as to leave the question in doubt, the presumption against suicide will tip the scales in favor of accidental death.
The Johnson decision in 1936 was followed in Gulf Life Ins. Co. v. Weathersbee, (1937) 126 Fla. 568, 172 So. 235, in Police & Firemen’s Ins. Ass’n v. Hines, (1938) 134 Fla. 298, 183 So. 831, and later in 1943 in New York Life Ins. Co. v. Satcher, supra. The law relating to this matter as pronounced in those earlier cases and as followed in Satcher has not subsequently been renounced or modified by the Supreme Court.
After Johnson, Weathersbee and Hines, but prior to Satcher, there intervened the case of Anderson v. New York Life Ins. Co. (1939), 140 Fla. 198, 191 So. 307. In that case, in which the plaintiff sought recovery of double indemnity for accidental death, the defendant insurer, as in this case, denied accidental death and pleaded suicide as a defense. There, where the plaintiff’s evidence showed “the insured was found dead in a latrine at the back of his residence with a bullet through his head and a pistol at his feet,” the Supreme Court affirmed a judgment entered on a directed verdict for the defendant insurer, upon expressing the conclusion that “we see no theory on which it [the evidence] would support a verdict for double indemnity,” and held the plaintiff had not made a prima facie case of accidental death because the evidence presented by the plaintiff disclosed circumstances indicating death by suicide to the exclusion of a reasonable hypothesis of accidental death. The holding of the Supreme Court in Anderson does not appear inconsistent with Johnson, inasmuch as it was indicated therein that if a prima facie case of accidental death had been made out by the plaintiff, the burden then would have shifted to the defendant to sustain its defense of suicide, the Supreme Court there saying:
“The plaintiff in error relies on Mutual Life Insurance Company of New York v. Johnson, 122 Fla. 567, 166 So. 442, for reversal. The burden was first on the plaintiff to prove that the deceased came to his death by accidental means, this being her reliance for recovery. The defense of suicide must overcome this proof and may not come into the picture if a prima facie case on the basis of accidental death is not made. The evidence has been examined and while we do not feel called on to review it, we see no theory on which it would support a verdict for double indemnity. A prima facie case not having been made on the ground claimed, the burden did not shift to the defendant to overcome that case with evidence on the defense of suicide.” [Italics ours.]
The view expressed by the trial judge in this case, that the holding in Satcher placing the burden of proof relating to suicide upon the defendant insurer after plaintiff has made a prima facie case of accidental death has not been followed and is not the law in Florida, apparently stemmed from two district court of appeal cases which had regarded the 1939 Anderson case as a holding, contrary to Johnson, that the plaintiff in such case had the burden to disprove suicide.
In justice to the trial judge in this case we must note that he was not without basis for so concluding, upon considering World Insurance Company v. Kincaid, Fla.App. 1962, 145 So.2d 268, decided by the first district court of appeal, and Southern Life & Health Insurance Company v. Medley, Fla.App.1964, 161 So.2d 19, decided by this court. In. those decisions of the district *507 courts it was considered that Anderson had changed the rule as announced in Johnson. However, the trial court here, in concluding that Johnson and Satcher were not being followed (because of the decisions of the district courts in Kincaid and Medley) appears to have failed to give due effect to a later decision by the second district court of appeal (Hill v. American Home Assurance Company, Fla.App.1967, 193 So.2d 638) wherein that court expressed the view that the Anderson case had been misinterpreted by the first and third districts in Kincaid and Medley, and wherein the second district held that the law as pronounced in Johnson, Weathershee, Hines and Satcher was controlling.
In Medley, decided by a panel of the court of which the writer of this opinion was a member, upon an appeal from a judgment for a plaintiff in a double indemnity case, this court reversed the judgment and granted a new trial because of prejudicial error which resulted from introduction of certain evidence that was inadmissible, and because of a charge given to the jury that such evidence could be considered as prima facie evidence of the cause of death. Our subsequent discussion in the Medley opinion of the question of burden of proof relating to the issue of suicide was not necessary to the decision, but was undertaken in view of the ensuing new trial. The trial court in Medley had charged the jury as to the burden on the defendant to prove death by suicide, in accordance with the law as pronounced in Johnson and Satcher. This court disapproved that charge upon expressing the view that Anderson represented a holding contrary to Johnson, Weathershee and Hines and that the burden should be on the plaintiff to disprove suicide. It should be noted, however, that the conclusion expressed on that question by this court in Medley appears to have been made without giving effect to the fact that subsequent to the decision of Anderson the Supreme Court had reaffirmed Johnson in Satcher, which case was not cited or discussed in Medley.
On considering the opinion of the second district in Hill, in which the above cited Supreme Court and district court decisions were reviewed and the conclusion was reached that the district court cases had assigned an effect to Anderson which was not justified and that the law remained as pronounced in Johnson, Weathershee and Satcher, we are impelled to agree with the views thus expressed in Hill, and in accordance therewith now recede from our contrary holding in Medley and hold that the cited Supreme Court cases as followed and reaffirmed by the Supreme Court in Satcher are controlling on the question of burden of proof as applicable to the issue of suicide in this case.[3]
For the reasons stated, we hold the charge given to the jury which placed upon plaintiff the burden to disprove suicide was incorrect under the prevailing law as pronounced by the Supreme Court, and we reverse the judgment and remand the cause for a new trial.
Reversed and remanded for new trial.

. The charge given to the jury in this connection was as follows:
“The law presumes that death was a result of an accident when nothing more is shown than that death was caused by a violent and external injury and the character of the injury is consistent with the theory of an accident.
“Where some substantial competent evidence is introduced consistent with the theory of accidental death, a presumption arises that it was not suicide until and unless credible evidence of suicide is offered. When such evidence is offered, this presumption vanishes and the jury shall consider all of the evidence in the case in determining whether or not the claim of the plaintiff has been proven by the greater weight of the evidence.”

. Of course if the circumstances attending the death as presented by the plaintiff are so indicative of suicide as to preclude a reasonable inference of accidental death, a showing that the death resulted from external and violent means will not make a prima facie case. That was the situation in Anderson v. New York Life Ins. Co., 140 Fla. 198, 191 So. 307, which is cited and commented upon in the text of this opinion; and that likewise was the situation in Scales v. Prudential Ins. Co. of America, 5 Cir. 1940, 109 F.2d 119, cited in Medley, infra.

. In the present status of the decisions dealing with the question of whether, after a plaintiff in a double indemnity action makes out a prima facie case of accidental death, thereby giving rise to the presumption of law against suicide, a defendant insurer relying upon suicide to avoid liability has the burden of proving the death was by suicide, our decision in the instant case is in conformity with Johnson, Weathershee, Hines and Satcher, decided by the Supreme Court, and with Hill decided by the second district, but is in conflict in this respect with Kincaid, decided by the first district. Hill conforms to the cited Supreme Court cases, but is in conflict with Kincaid.