PEARSON, Judge.
The appellant was the plaintiff in an action upon two insurance policies. He appeals from a summary final judgment entered upon the pleadings and depositions on file. The question presented by the appeal is whether there are any genuine issues of material fact.
A summary final judment for a defendant is properly entered only when the facts established and all reasonable inferences from these facts clearly demonstrate that a plaintiff has no right of action or that a defense is established without genuine issue and that the defendant is entitled to a judgment as a matter of law. Lake v. Konstantinu, Fla.App.1966, 189 So.2d 171. Appellant’s complaint sought recovery as the beneficiary under two policies for a claimed accidental death of his son. The appellee denied the right to recovery upon four grounds: (1) the death was not caused by accidental means as required by the policies; (2) recovery was barred by an exception in the policies which excluded coverage for self-inflicted injuries or destruction; (3) recovery was barred by an exception in the policies which excluded coverage for injuries received while committing or attempting to commit an assault or felony; (4) recovery was barred by an exception which excluded recovery for injuries as a result of poisoning.
The appellee urges that the deposition of the medical examiner is sufficient to establish all four of the defenses without genuine issue of material fact. We hold that the record is not sufficient and that when this deposition is read in the light most favorable to the party moved against, it leaves genuine issues as to each of these defenses. As to the contention that the death was not by accidental means, see Gulf Life Ins. Co. v. Nash, Fla.1957, 97 So.2d 4. As to the defense of self-destruction, see Weinstock v. Prudential Insurance Co. of America, Fla.App.1971, 247 So.2d 503. The defense that the death was the result of poison depends entirely upon a factual conclusion which is not warranted upon the deposition of the medical examiner. See annot., 14 A.L.R. 3rd 783, and cases cited therein, where it states, “Unless the substance is one which is invariably regarded as a poison, such as arsenic or strychnine, the issue whether a given compound is a poison within the scope of a provision excluding or limiting liability for injury or death from poison is ordinarily held one for the trier of facts.”
We do not at this stage of this case hold as a matter of law that any one of the defenses tendered is insufficient. We simply hold that upon the record now before us it does not affirmatively appear without genuine issue of material fact that the appellant cannot recover upon his complaint. The summary final judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.