HOBSON, Judge.
Plaintiffs-appellants have appealed a final summary judgment entered against them in their claim for a real estate sales commission against defendant-appellee.
The Estate of Josef Osswald, deceased, owned several sections of land in Charlotte County, Florida. The defendant-appellee, William A. Morse, is and was the Executor or the above estate.
Plaintiffs-appellants, Worley Whidden and Jarrett Hamilton, are licensed real estate brokers. It was generally known that these sections of land in Charlotte County were for sale, and numerous real estate brokers had contacted Wm. A. Morse regarding the sale of this land. Plaintiff Worley Whidden was one of the brokers who had contacted Mr. Morse regarding the sale of this property.
After the property had been appraised, Mr. Morse informed the brokers who contacted him that the land was priced at $125 an acre, with 25'% down and the balance over several years at 5% interest.
*626 On April 7, 1966, Mr. Morse granted the right of exclusive sale of said property for a period of ninety days to Roy A. Glisson, a registered real estate broker. On this same date, Mr. Morse wrote a letter to Mr. Whidden in response to one received from him the week before. In the letter, Mr. Morse informed Mr. Whidden that he had granted an exclusive sales listing to Roy A. Glisson and instructed Mr. Whidden to direct all future correspondence to Mr. Glisson as Mr. Glisson was to handle all matters with Mr. Whidden except, of course, Mr. Morse’s executing the contract.
On April 12, 1966, Mr. Whidden received a letter from Mr. Glisson which set forth the terms upon which the property was to be sold and the amount of commission which Mr. Whidden would receive in the event he produced a buyer.
In June of 1966, Mr. Whidden associated plaintiff Jarrett Hamilton in an attempt to locate a purchaser for the above mentioned property. Plaintiffs then procured a purchaser for a portion of the property and secured from him a binding Contract for Sale on July 25, 1966, which was subsequent to the termination of the exclusive listing given Mr. Glisson. The name of Jarrett Hamilton appears at the first of this contract as follows:
“Receipt is hereby acknowledged by Jarrett Hamilton, a Registered Real Estate Broker, hereinafter called Agent, * * * ”
The signature of Worley Whidden appears later in the contract as “Broker or Agent.”
This Contract for Sale was submitted to Roy A. Glisson and was subsequently executed by William A. Morse, as Executor of the Estate of Josef Osswald on August 10, 1966, signifying an acceptance and approval.
Morse failed and refused to take further action on the Contract for Sale due to alleged reasons not pertinent to the question involved here. In October of 1966, the attorney for the buyer informed Morse that the Contract for Sale was cancelled and requested Jarrett Hamilton to return the deposit made to her, which she did.
The plaintiffs then brought this action directly against Morse to recover their commission alleged to be due to them.
The lower court held as a matter of law that there was no privity between the plaintiffs and Morse and, therefore, plaintiffs could not sue Morse directly. The court determined that any cause of action which might exist against Morse for a real estate commission belonged solely to Mr. Glisson.
The question which is determinative of this appeal is whether plaintiffs as cooperating brokers or sub-agents of a broker may maintain a direct action against the principal of that broker. The parties have not cited any Florida case deciding this question; neither have we found one through our research.
It is well settled in cases involving summary judgments that all conflicts of fact shall be resolved in favor of the party moved against and such party is entitled to all reasonable inferences which might arise from the evidence.
As a general rule, the principal is not liable to a sub-agent employed by 'the broker, unless he has authorized such employment or ratified it or has contracted directly with the sub-agent. 12 C.J.S. Brokers § 80, page 176.
On the summarized facts as outlined above and which are amplified in the record-on-appeal, we hold that a jury question arises as to whether or not any one or all of the recognized exceptions to the general rule as stated above exist.
Reversed and remanded for further proceedings.
LILES, C. J., and PIERCE, J., concur.