PER CURIAM.
This is an appeal by the plaintiff below from a summary judgment entered in favor of the defendant.
On January 10, 1966, the appellant purchased 300 shares of stock of Anken Chemical and Film Corporation through the appellee stock brokers, Merrill Lynch, Pierce, Fenner & Smith, Inc.
By a letter dated May 17, 1966, from Emanuel, Deetjen & Co., the brokers for the original seller, which made reference to purchase by Merrill Lynch on the New York Stock Exchange of 2,100 shares of the stock (1,000 on January 10; 100 on January 11, and 1,000 on January 12, 1966), Merrill Lynch was informed that the Emanuel firm had been advised1 by its counsel “that it might be contended that they should have been registered under the Securities Act of 1933, which was not done.” The letter then said: “In order to avoid any question our customer will either repurchase the shares from or make a payment to you (or your customer if you acted as an agent), on the terms and conditions stated in this letter.” It stated that the offer made therein would remain in effect until the close of business on June 8, 1966, and that acceptance could be made by Merrill Lynch by notifying the Emanuel firm in writing, at a stated address, any time prior to the expiration of the offer, “of your intention or the intention of your customer to do so.” The letter spelled out the undertaking, and expressed a request that customers of Merrill Lynch to whom the stock had been sold be notified of the offer, as follows:
“If the shares purchased have not been sold, the notice must be accompanied by a certificate or certificates, in good delivery form, for the number of shares purchased and a written statement, signed by you or your customer and satisfactory to our customer, to the effect that the shares have not been sold. Our customer will have the option either (i) to repurchase the shares at the total cost of purchase, including commissions, if any, or (ii) to pay an amount equal to the excess, if any, of the total cost of purchase over the total cost of the same number of shares at the last sale price on the New York Stock Exchange on the day the notice is received by us and return the shares to the purchaser.
“If the shares have been sold, the notice must be accompanied by a written statement, signed by you or your customer and satisfactory to our customer, setting forth the date of sale, the net proceeds of the sale, and the amount of the resulting loss. In that event our customer will pay the amount of the loss.
“Payment pursuant to this offer will be made by June 29, 1966.
“This offer refers only to the above described shares and no other.
“If you purchased the shares as agent, please advise your customer of this offer. A copy of this letter is enclosed for your convenience.”
Merrill Lynch did not notify the appellant of such repurchase offer until July 25, 1966,_ which was approximately six weeks after the period for acceptance had expired and two weeks after appellant had sold his 300 shares of the stock. '
The appellant filed suit against the ap-pellee, alleging in substance the foregoing facts and seeking to recover damages for the loss he had sustained. The complaint was in two counts. The first count sought recovery under § 517.21 Fla.Stat., F.S.A. The second count was based on negligence, alleging the loss was due to the failure of Merrill Lynch to give timely notice to the *453 appellant of the Emanuel offer for repurchase of his stock.
The trial court was eminently correct in granting summary judgment as to count one of the complaint. The Florida statute under which it was sought to avoid the sale of the unregistered stock provides for recovery of the cost of the stock upon surrendering it. Here the appellant no longer had the stock to surrender. More fundamental, however, is the fact that the Florida statute excepts transactions made on the New York Stock Exchange. Nor could recovery be had under the analogous federal statute, since the latter imposed a one-year limitation period for suit, and this action was commenced after that limitation period had expired.
However, the trial court was in error in granting summary judgment for the defendant on count two of the complaint. Established beyond the need to cite supporting cases is the proposition that on the defendant’s motion for summary judgment, the party moved against was entitled to have all reasonable inferences of fact from the evidence drawn in his favor.
Here, on the record, together with the foregoing, there appeared the following facts and inferences which reasonably could be drawn therefrom. In the letter from Merrill Lynch to appellant dated July 25, 1966, it was confirmed that the 300 shares appellant purchased were part of the stock which Merrill Lynch had acquired on the New York Stock Exchange on January 10, 1966, as referred to in the Emanuel letter. The excuse offered by Merrill Lynch in that communication to appellant, and in its answer to the complaint and in support of the motion for summary judgment, was that “for technical reasons beyond our control,” it was unable to ascertain the names of its customers who purchased shares of the stock in question on July 10, 1966, in order to notify them of the Emanuel repurchase offer within the period the offer remained open.
Promptly • on purchase of his stock and on sale thereof Merrill Lynch had forwarded to the appellant confirmation mem-oranda of the purchase and of the sale. One showed purchase of the 300 shares of the stock by the appellant through said brokers on January 10, 1966, for a price, including commission, of $8,800.65, and one showed sale thereof by appellant through Merrill Lynch on July 12, 1966, for the net amount of $4,719.65 (representing a loss of $4,081.00, or $13.60 per share). It is reasonable to assume the brokers retained copies of those purchase and sale memoranda, each of which gave appellant’s address and his account number (748-18096). On the reverse side of those confirmation memo-randa was the statement: “We will hold for your account securities purchased and proceeds of sale unless instructed otherwise.” Unless the customer took delivery, the records of the broker could be expected to show that the stock he had purchased was being held for him.
The question of whether the broker reasonably could have and should have had means, from records maintained as to the accounts of customers, to notify this customer within the period of the Emanuel repurchase offer, is an issue directly related to the issue of negligence. The averment in the broker’s answer, and in a supporting affidavit, that the stock was listed for trading on the New York Stock Exchange, is not a defense to count two of the complaint, inasmuch as the Emanuel firm’s letter stated that the stock was not registered, and contained the offer to repurchase it. Also, the Emanuel firm continued convinced of the defect in the stock, as shown by an affidavit by a representative thereof confirming the truth of the initial letter, which had stated the stock was not registered. Thus, regardless of the truth of the matter of registration of the stock, it would appear that the appellant could have avoided loss thereon if he had been given timely notice of the Emanuel repurchase offer.
*454 On moving for summary judgment the defendant (appellee) did not “meet his burden by showing conclusively that he is not guilty of the negligence charged against him,” or the burden of “showing conclusively that the negligence charged, or any committed by him, was not causally related to the plaintiff’s injury.” See Holl v. Talcott, Fla.1966, 191 So.2d 40, and opinion on petition for rehearing (191 So.2d at p. 47).
Accordingly, the summary judgment is affirmed as to count one and reversed as to count two, and the cause is remanded for further proceedings on count two.