PER CURIAM.
The plaintiff in the trial court appeals an adverse summary judgment dismissing an action sounding in tort, which arose out of the alleged operation of a boat owned by the appellee. We reverse.
Upon determining a motion for summary judgment, all reasonable inferences from the evidence are resolved in favor of the party moved against. Holl v. Talcott, Fla.1966, 191 So.2d 40; Whidden v. Morse, Fla.App.1968, 213 So.2d 625; Sloane v. Merrill Lynch, Pierce, Fenner & Smith, Inc., Fla.App.1969, 221 So.2d 451. Applying this test to the record at bar, it appears that there is a reasonable inference which could be considered by a jury as to whether or not the boat in question was being operated by agents or employees of the appellee at the time of the alleged accident, making the owner thereof liable pursuant to the provisions of § 371.-52, Fla.Stat., F.S.A. See also: Rountree v. A. P. Moller Steamship Company, Fla.App.1969, 218 So.2d 771.
Therefore, for the reasons above stated, the final judgment here under review is hereby reversed, with directions to submit the matter to a jury upon the issues as made by the pleadings.
Reversed and remanded, with directions.