LILES, Acting Chief Judge.
The Clearwater Police Department received information from the Sheriff’s Crime Bulletin that the State of Ohio was seeking a person known as Helen Walker for fraud. The suspect was described as an Ohio resident who had lived in Missouri; drove a white Cadillac; was 5 feet 7 inches tall; weighed 130 pounds and had a dark complexion. The Clearwater Police then discovered that it had previously arrested appellant, Helyn Bishop, on a disorderly conduct charge. Thinking that Helyn Bishop was also the Helen Walker who was wanted in Ohio, the Clearwater Police Department then forwarded to the Sheriff’s Office in Warren County, Ohio, photographs taken of Helyn Bishop at the time she was booked for disorderly conduct. The Clearwater Police Department then received from the Warren County Sheriff’s Office a letter enclosing a warrant for the arrest of Helyn Bishop who was known to the Warren County Sheriff’s Department as Helen Walker. Upon receipt of this information B. M. Kinder, an officer of the Clearwater Police Department, perfected the arrest of Helyn Bishop on August 30, 1970. Appellant was taken to the Clearwater Jail and then to Pinellas County Jail where she was booked as was the usual custom and placed under a $5,000 bond.
According to the record, appellant Bishop attempted to convince the detective that she was not Helen Walker; that she had never been to Ohio except to pass through there on the interstate highway; and that she did not fit the description of the person referred to in the Sheriff’s Crime Bulletin since she — the appellant — was 5 feet 3 inches tall, weighed 165 pounds and had a ruddy complexion.
Following this incident, Helyn Bishop filed a complaint in the Circuit Court for Pinellas County against the City of Clear-water, Aetna Casualty and Surety Company, and B. M. Kinder. The allegations in her complaint charged the City and the other defendants with wrongful and malicious arrest and as result thereof she had suffered damages. The defendants, after answering the complaint and setting forth certain defenses, moved for summary judgment based upon the deposition of B. M. Kinder and Helyn Bishop and an affidavit of Troy C. Gillery. Summary judgment was granted in favor of defendants and appellant appeals.
Defendants maintain that the arrest of Helyn Bishop was based on probable cause from information contained in the Sheriff’s *339 Crime Bulletin published by the Florida Sheriff’s Bureau. As a result of this bulletin, the Clearwater Police forwarded to the Sheriff’s Office in Ohio appellant’s photograph taken at the time of her arrest for disorderly conduct. The Sheriff’s Office in Ohio then determined that Helyn Bishop and Helen Walker were the same person and forwarded a letter enclosing a warrant for the arrest of Helyn Bishop.
Appellant Helyn Bishop attempted to explain to Officer Kinder that she had been a resident of Clearwater for twenty years; that she had never lived in Missouri and had never been to the State of Ohio except to pass through it. She further explained that she had never owned a white Cadillac and that she did not fit the physical description given by the Warren County Sheriff’s Office.
Florida Statutes, Section 941.14, F.S.A. provides:
“Arrest without a warrant. — The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a Judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section; and thereafter his answer shall be heard as if he had been arrested on a warrant.”
The above statute together with the information received from the Warren County Sheriff’s Office in Ohio is claimed by appellees to be sufficient grounds to furnish reasonable cause and appellees further maintain that a summary judgment was proper in this cause for the reason that there was no genuine issue of material fact. We disagree and reverse.
We do not hold here that the Clearwater Police did not have reasonable cause for the arrest. We simply hold that based upon the facts contained in the record this issue should be submitted to the jury under proper instructions.
We have on many occasions held that summary judgments should be granted with great caution. Nance v. Ball, Fla.App.1961, 134 So.2d 35.
The court again in Harrison v. American Fire & Casualty Co., Fla.App. 1964, 163 So.2d 324, 328, said:
“Reverting to the instant case, any suspected weakness in the issues raised or the foreseeable difficulty of proving certain allegations may not rightly be used as a yardstick for granting or denying summary judgment.”
Here the plaintiff may have difficulty in proving the Clearwater Police did not have probable cause to make the arrest; but we believe the jury should make that determination.
The First District Court in Benson v. Atwood, Fla.App.1965, 177 So.2d 380, 383, authored by Judge Wigginton, said:
“In considering motion for summary judgment the trial judge is not privileged to weigh the evidence or pass upon the credibility of the witnesses. His judgment may not be influenced by the chances of success which he considers either party may have on the trial. When he strays from the narrow limits of his authority to determine only whether there exists any genuine issue of material facts in the case, he risks committing the transgression spoken of by Judge White for the Second District Court of Appeal in Nance v. Ball, supra.”
For the foregoing reasons the case is reversed and remanded for trial by jury.
HOBSON and McNULTY, JJ., concur.