PER CURIAM.
This appeal is brought by defendant-appellant to review the trial court’s entry of a summary judgment in a proceeding to foreclose a mortgage.
Appellee, George Anthony, was a principal in a land development company which obtained a parcel of land upon which a multi-unit apartment project was proposed. When the project was ninety per cent complete, negotiations began between the land development company and appellants, Harvey and Rebecca Goodman, for the sale of the entire apartment complex. Appellants executed a note in favor of appel-lee which was secured by a mortgage on the apartment complex. The note was due *757 and payable upon the happening of either of two alternative sets of circumstances:
First:
a) The satisfaction of the construction loan, and
b) The placing of the permanent first mortgage.
Second:
a) Completion of improvements now under construction, and
b) Issuance of certificates of occupancy, and
c) Satisfaction of all present lenders’ present requirements concerning certificates of completion and waivers and releases of lien.
Neither party contends that the first alternative had occurred, but appellee deemed the note due and payable with the occurrence of certain events which he felt satisfied the second set of circumstances. Appellants, however, when confronted with appellee’s demand for payment of the note, refused to pay because they did not consider the second set of circumstances to be fully complied with because construction was not completed on all of the improvements.
A mortgage foreclosure was commenced by plaintiff-appellee Anthony and the trial court granted his motion for summary judgment predicated upon the record before it, which contained sharply conflicting affidavits from the parties dealing with the issue of completion of the construction.
A party moving for summary judgment bears the burden of making a conclusive showing that there was no genuine issue of material fact. The movant must be able to overcome all reasonable inferences of fact which may be drawn against him in favor of the opposing party. Holl v. Talcott, Fla.1966, 191 So.2d 40; Brady v. Zimmerman, Fla.App.1971, 246 So.2d 637; Hundley v. Magnum Marine Div. of Amer. Photo Eq. Co., Fla.App.1970, 235 So.2d 367; Sloane v. Merrill Lynch, Pierce, Fenner and Smith, Inc., Fla.App.1969, 221 So.2d 451. In the case here under consideration this heavy burden has not been met because plaintiff-appellee, the moving party, cannot overcome the inferences favoring the party opposing the motion and, therefore, it cannot be held that no genuine issue of material fact exists.
For the reasons stated above, the summary judgment is reversed and the cause is remanded for proceedings consistent herewith.
Reversed and remanded.