275 So.2d 566 (1973)
Betty RICE, Individually, Appellant,
v.
MERCY HOSPITAL CORPORATION, a Florida Non-Profit Corporation, Appellee.
No. 72-580.
District Court of Appeal of Florida, Third District.
April 3, 1973.
*567 Pettigrew & Bailey, Miami, for appellant.
Dixon, Dixon, Lane & Mitchell, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and WOODROW, MELVIN M., Associate Judge.
MELVIN, WOODROW M., Associate Judge.
Betty Rice appeals from Summary Final Judgment entered in favor of appellee, Mercy Hospital Corporation, and against her in the matter of her complaint against the hospital and two physicians, in which all defendants are by her sued as a result of her having allegedly been falsely imprisoned by appellee, and for which she seeks compensatory and punitive damages for the alleged false imprisonment, assault and battery, negligence and breach of contract. She was detained in the hospital several days.
Depositions were taken. Usual discovery procedure was completed. Written interrogatories were filed and answered. The result of all such legal labor was the production of very real factual disputes between Betty Rice and all defendants. Some of such factual issues are: (1) What actually transpired in connection with her alleged involuntary admission to defendant hospital; (2) Whether she did properly demand her release from the hospital, and if so, whether such demand was refused based upon reasonable and sufficient cause, and; (3) Whether the defendant physicians, who are not parties to this appeal, were in fact the appellant's doctors.
The law in Florida is clear that the trial judge may not sit in judgment of material issues of fact when passing upon a Motion for Summary Judgment. In such proceeding the trial judge may not weigh material conflicting evidence or pass upon the credibility of the witnesses. See Meigs v. Lear, 210 So.2d 479 (Fla.App. 1968); Bishop v. City of Clearwater, 258 So.2d 337 (Fla.App. 1972), and Wentz v. Independent Life and Accident Insurance Company, 254 So.2d 368 (Fla.App. 1971).
The summary judgment appealed from is reversed.