HOBSON, Acting Chief Judge.
Appellants timely appeal a final summary judgment.
Appellants were the parents of the deceased son who was killed in a collision between a train owned by the appellee, Seaboard, and a motor vehicle the deceased son was operating.
The trial court entered summary judgment for appellees on the ground that there was no genuine issue of material fact as to the appellants being dependent on their deceased son for support.
Florida Statute 768.02 F.S.A. (1971) specifies that “where there is neither widow nor husband, nor minor child nor children, then the action may be maintained by any person or persons dependent on such person killed for a support.”
The appellants having qualified under the statute to bring this action if they can show that they were dependent on their deceased son for support, maintain that there are genuine issues of material fact as to their dependency for support and, therefore, the final summary judgment was improvidently entered.
Upon a review of the record on appeal, we agree with appellants that there are genuine issues of material fact on this issue and, therefore the final summary judgment is reversed.
Reversed.
McNULTY and BOARDMAN, JJ., concur.