PER CURIAM.
Appellant, plaintiff below, brought a complaint, as amended, against appellees, defendants below, alleging causes of action for malicious prosecution, false imprisonment, and false arrest. After the cause was noticed for a jury trial, the trial court entered an order, along with pre-trial instructions, setting the cause for trial. Among other things, this order directed the parties to appear before the court on November 10, 1976, for call of the trial calendar. At this time, the cause was continued. Subsequently, pursuant to notice, an evi-dentiary hearing on the issue of probable cause was held on February 15, 1977, with counsel for all parties present. During this hearing, the court heard testimony from witnesses, received the deposition testimony of a witness, and heard argument of counsel. Thereafter, the court on February 17, 1977, issued an order titled “Order on Evi-dentiary Hearing and Summary Judgment,” and then, on March 3, 1977, it issued an additional order titled “Final Summary Judgment and Order on Probable Cause Hearing.” From these two orders, appellant brings this appeal.
Appellant contends that the trial court erred in issuing the orders of February 17 and March 3, 1977, because they were in violation of Rule 1.510 of the Florida Rules of Civil Procedure. Additionally, appellant contends that the trial court abused its discretion in issuing the orders because, at the time of their issuance, genuine material factual issues existed which precluded the granting of summary judgment.
Appellant’s points are well taken. Rule 1.510 of the Florida Rules of Civil Procedure sets forth the procedure whereby a trial court can render a summary judgment. This Rule and the case law in Florida make clear that the taking of testimony, passing on the credibility of witnesses, and the determination of genuine material facts cannot be properly accomplished during a hearing for summary judgment. E. g., Mutual of Omaha Ins. Co. v. Eakins, 337 So.2d 418 (Fla.2d DCA 1976); Megdell v. Wieder, 327 So.2d 781 (Fla.3d DCA 1976); Norman v. Hawthorne, 321 So.2d 112 (Fla.1st DCA 1975); Rice v. Mercy Hospital, 275 So.2d 566 (Fla.3d DCA 1973); Coquina Ridge Properties v. East West Company, 255 So.2d 279 (Fla.4th DCA 1971); and Fla.R.Civ.P. 1.510. The record in the instant case shows that the trial court, when it received and ruled upon the evidence relating to the issue of probable cause, failed to follow the requirements of the principles stated above. Therefore, the orders appealed are reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.