VANN, HAROLD R.,
Associate Judge.
The appellant, plaintiff in the trial court, seeks review of an adverse summary final judgment entered by the trial court in an action whereby the plaintiff sought damages for a breach of contract and/or negligence of the defendant.
Only one issue need be addressed: Was there a genuine issue of a material fact which, under Florida Rule of Civil Procedure 1.510, precluded the entry of a summary judgment in the case sub judice? We think there is, and we reverse.
The depositions, pleadings and exhibits in the instant case reveal that the plaintiff obtained an option to purchase a certain piece of real property with the intention of building a warehouse thereon to be leased to J. C. Penney. The purchase was contingent upon J. C. Penney’s executing said lease. To facilitate this end, the plaintiff contacted a contractor for bids on construction of the warehouse. The contractor suggested to the plaintiff that soil samples and borings be obtained so as to be able to ascertain the type of construction and soil preparation necessary for construction. The plaintiff informed the contractor that the defendant had made those tests for the previous owner. Thereupon, the contractor contacted the defendant informing its employee of the type of construction to be built and that the plaintiff was the owner of the property. For a fee, the defendant forwarded to the contractor the tests made for the previous owner, along with its recommendation of how the building should be built for the plaintiff on his land. After estimating all costs of the project, including preparation of the soil for the building (based upon the defendant’s land samples), the plaintiff executed all documents necessary for purchase of land and construction of the warehouse. Upon commencing construction, it was discovered that the underground structure was not, in fact, as represented by the defendant’s soil samples. A further test performed by the defendant substantiated that fact. It was therefore necessary that the plaintiff incur additional expense in preparing the building site for construction of the warehouse.
Resolving these facts and the inferences therefrom against the party seeking a sum *291 mary judgment and in favor of the party opposing it [Goodman v. Anthony, 269 So.2d 756 (Fla. 3d DCA 1972); Stringfellow v. State Farm Fire & Casualty Co., 295 So.2d 686 (Fla. 2d DCA 1974); U. S. Fire Insurance Company v. Progressive Casualty Insurance Company, 362 So.2d 414 (Fla. 2d DCA 1978)], we find the defendant has failed to show the absence of genuine questions of material facts necessary to grant a summary judgment in its favor. Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191 (Fla. 1st DCA 1972); Moody v. Seaboard Coast Line RR, 287 So.2d 707 (Fla. 2d DCA 1974); U. S. Fire Insurance Company v. Progressive Casualty Insurance Company, supra.
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.