DANIEL S. PEARSON, Judge.
At hearings on motion for summary judgment, the trial court, over appellant’s objection, considered oral testimony. While this procedure is clearly impermissible, Fla.R.Civ.P. 1.510; Ogden Trucking Company v. Heller Bros. & Co., 130 So.2d 295 (Fla. 3d DCA 1961), the appellees, in whose favor partial summary judgment was entered, contend that Campbell-Settle waived its objection by thereafter eliciting testimony from its own witnesses. We need not decide whether, faced with an apparent Hobson’s choice, Campbell-Settle’s failure to stand pat and take its chances constituted a waiver. Cf. City of Miami v. Kory, 394 So.2d 494 (Fla. 3d DCA 1981) (holding that one under a perceived coercion who resigns, waives the right to thereafter contest unlawful discharge). We hold instead that even assuming Campbell-Settle waived its right to object to the taking of oral testimony, (1) the trial court erred when it resolved admittedly genuine issues of material fact and entered the partial summary judgment in appellees’ favor, Plescow v. Gulf States Zayre, Inc., 350 So.2d 1147 (Fla. 3d DCA 1977); see also Rice v. Mercy Hospital Corporation, 275 So.2d 566 (Fla. 3d DCA 1973); and (2) a waiver of the right to object to the taking of oral testimony at a summary judgment proceeding is not, as appellees suggest, a waiver of Campbell-Settle’s previously demanded right to a jury trial, so as to convert such proceeding into a non-jury trial, and thus sanction the trial court’s resolution of disputed fact issues, Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla.1976); see also Padgett v. First Federal Savings and Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979).
Reversed and remanded.