434 So.2d 997 (1983)
Charles DAHDAH and Jorge Gomez, Appellants,
v.
CONTINENT REALTY, INC. and Rodriguez Realty & Mortgage Company, Appellees.
No. 82-2039.
District Court of Appeal of Florida, Third District.
July 12, 1983.
Rehearing Denied August 12, 1983.
*998 Mark Dienstag, Miami, for appellants.
Roger A. Bridges, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Charles Dahdah, the owner of certain property, and Jorge Gomez, the putative purchaser of such property, appeal from a judgment entered against them awarding the appellees-real estate brokers a commission. We reverse the judgment with directions to enter judgment for the appellants.
The facts are not in material dispute. Dahdah entered into an oral agreement to pay Continent Realty, Inc. a ten per cent commission if the broker located a purchaser ready, willing and able to purchase Dahdah's property for $510,000 on terms acceptable to him. Continent, through Rodriguez Realty & Mortgage Company, another real estate broker, brought Gomez, a prospective purchaser, to Dahdah. Gomez was not in a financial position to purchase the property.
Months later, Dahdah and Gomez entered into an agreement under which Gomez was to be employed as a construction manager, thirty-four housing units were to be constructed on Dahdah's land, and Dahdah and Gomez were to each receive fifty per cent of the profits on the sale of the units, such profits to be the amount remaining after costs paid by Dahdah were reimbursed to him and after Dahdah was paid a $15,000 per unit fee for the land. The brokers argue that this agreement between Dahdah and Gomez effectively made Gomez a purchaser of the land. We disagree.
The brokerage contract obligated Dahdah to pay a commission only upon the broker procuring a ready, willing and able purchaser for the property. Under the joint venture agreement between Dahdah and Gomez, no sale to Gomez was contemplated, nor was it inevitable that Dahdah would be able to dispose of his property. Indeed, if the development venture were unsuccessful, the property would remain Dahdah's. The fact that if all units constructed were sold at a profit exceeding $15,000 per unit, Dahdah would receive fees totalling $510,000, his original asking price for the property, does not convert Dahdah and Gomez's agreement into a sale or make Gomez a ready, willing and able purchaser. In our view, the disposition of this appeal is controlled by the decision of our sister court in Miller, Cowherd & Kerver, Inc. v. De Montejo, 406 So.2d 1196 (Fla. 4th DCA 1981), where, under nearly identical facts,[1] the court stated:
"The brokerage contract provided for a commission upon the sale of the property. This exclusive right of sale contract, however, did not define the term `sale.' We agree with the trial court that a sale did *999 not occur because the owner retained an ownership interest in the property. Rather than assuming the risk of a seller, the owner assumed the risk of a participant in a joint venture with the potential for losses as well as profits. As such, the owner decided to develop the property herself.
"The exclusive right of sale contract did not address the situation where the owner develops the property herself in the form of a joint venture. The exclusive right of sale contract should be construed against the broker as drafter of the document. [citations omitted]. Consequently, if the broker wanted a commission in the event the owner entered into a joint venture with other parties regarding the property, the broker should have spelled that out in the contract." Id. at 1198.
Acordingly, the judgment under review is reversed with directions to enter judgment for the appellants.
NOTES
[1] In De Montejo, the brokerage contract provided for a commission upon the sale of the property; here, the contract provided for a commission upon the broker procuring a purchaser. Even as the joint venture agreement in De Montejo was not a sale, the joint venture agreement here did not make Gomez a purchaser.