ON MOTION FOR REHEARING
ORFINGER, Judge.
We withdraw the opinion originally issued herein, and substitute the following corrected opinion in its place.
Charles E. Burkett & Associates, Inc. (Burkett) appeals from an amended final summary judgment of foreclosure which awarded it $5,367.50 as owed on the mortgage note, and which denied it an award of attorney’s fees and costs.[1] The trial court acted within its discretion in refusing to consider affidavits filed by Burkett on the day of the summary judgment hearing,[2] but even without those affidavits, the pleadings and other affidavits on file clearly demonstrated the existence of a genuine issue of material fact as to the amount of the debt, so that entry of a summary judgment was improper.
Burkett filed an action to foreclose a mortgage, alleging that it held a $30,000 note secured by the mortgage, executed in *1191 its favor by the Vicks and that the note was due and unpaid. Burkett then filed a motion for summary judgment, accompanied by a separate affidavit of its vice president which stated, among other things, that the unpaid balance on the note was $30,000, plus accrued interest.
In their answer, and later in their affidavits supporting their motion for summary judgment, the Vicks did not contest the validity of the note and mortgage, but asserted that the note represented an agreement to pay for future engineering services in an amount up to $30,000, but that they had been billed for only $4,600, which was the only amount owed, and which they were prepared to pay. In the file is also an affidavit of Vick’s attorney in which he states that Burkett had claimed to have done additional work and was now owed $8,868.41. The pleadings and the affidavits present a sharp dispute as to how much is due on the note. These affidavits were properly in the court file at the time the judge considered the Vick’s motion for summary judgment, and presented a conflict as to how much was owed ($30,000 or $8,868.41 or $4,600) and for what services, and the court should not have attempted to resolve that conflict in a summary judgment proceeding.
Although Burkett withdrew its motion for summary judgment from consideration, this did not withdraw it from the court file, nor its accompanying affidavit which stated under oath that $30,000 was the amount owed. The conflicting affidavits were “on file” at the time of the hearing, created a genuine issue of material fact and a summary judgment should not have been entered. See Fla.R.Civ.P. 1.510(c).
The summary judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DANIEL, C.J., and SHARP, J., concur.

. In our original opinion we noted error in the failure of the trial court to award Burkett attorney’s fees and costs, in light of the contractual provision for payment of such fees and costs and because Burkett had recovered on the note, albeit not in the full amount requested. However, as appellee correctly points out on motion for rehearing, this observation was premature in light of the reversal for trial, and must await disposition of this cause on the merits.

. Fla.R.Civ.P. 1.510(c); Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla. 2d DCA), review denied, 494 So.2d 1153 (Fla.1986).