PER CURIAM.
The Estate of Jerome Bain appeals from an order of final summary judgment in an action for conspiracy to defraud Bain of his broker’s commission. For the following reasons, we reverse.
Jerome Bain contracted with Miller Lake Associates for a commission upon finding a ready, willing, and able purchaser for Miller Lakes’ eighteen acres of property. Although the original offering in this case was for the entire eighteen acres, only seven acres were actually sold to Gateway Group, Inc., resulting in a commission to the broker. The remaining acreage of the tract became the subject of a joint venture between Miller Lake and Gateway, with Miller Lake retaining an ownership interest in the property. Bain claimed a commission on this transaction, and ultimately sued for damages, alleging that Miller Lake and Gateway had conspired to defraud him of his broker’s commission. The trial court entered summary judgment for the partnership.
The trial court erred in granting the motion for summary judgment, as genuine issues of material fact remain regarding whether Gateway was a ready, willing, and able purchaser. This court has held that when a seller enters into a joint venture with a developer who was originally introduced as a potential buyer, no sale has occurred where the purchaser was not ready, willing and able to purchase the property, and the broker is not entitled to a commission. Dahdah v. Continent Realty, Inc., 434 So.2d 997 (Fla. 3d DCA 1983).
Dahdah does not control the result in this case. Here, the developer has not established that, like the developer in Dah-dah, he was not ready, willing, and able to purchase the property. In fact, the record indicates that at times, Gateway represented itself to be the owner of the entire tract, and intended from the beginning to develop the entire eighteen acres. Accordingly, the entry of summary judgment was error.
Reversed and remanded for further proceedings consistent with this opinion.