PER CURIAM.
In this appeal from a partial summary judgment it is contended, by representatives of the broker’s estate, that there are material issues of fact as to whether a payment in a trust account for commissions was converted, and whether the broker procured a willing and able purchaser who then conspired with the seller to deprive the broker of a commission. Giving the non-movant the benefit of the reasonable inferences in this complex factual setting, it does not appear that the movant has demonstrated conclusively the nonexistence of a genuine dispute of fact or law and that he is entitled to summary judgment as a *1278 matter of law. Burton v. Linotype Co., 556 So.2d 1126 (Fla. 3d DCA 1989); rev. denied, 564 So.2d.1086 (Fla.1990); Mendez v. West Flagler Family Ass’n, 315 So.2d 7 (Fla. 3d DCA 1975).
Particularly, a sum which is specific and segregated in a trust account may be the subject of a conversion. Futch v. Head, 511 So.2d 314 (Fla. 1st DCA), rev. denied, 518 So.2d 1275 (Fla.1987); Allen v. Gordon, 429 So.2d 369 (Fla. 1st DCA 1983); Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970). Further, that the seller and prospective buyer failed to consummate the sale and purchase agreement and instead entered into a joint venture, after excluding the broker from negotiations, does not preclude a finding that the broker was the victim of a civil wrong. See Royal Netherlands Realty, Inc. v. Ross, 421 So.2d 642 (Fla. 3d DCA 1982) (broker entitled to commission where sale was never consummated but broker, in accordance with contract, had produced a buyer who was ready, willing, and able to purchase property).
Reversed and remanded for further consistent proceedings.