PETERSON, Judge.
Orange Lake Country Club, Inc. (OLC) appeals a judgment which declares that it breached its contract with Charles Levin and that, because of its breach, Levin’s non-competition covenants are unenforceable. We reverse.
Both parties alleged that the other breached a purchase agreement and employment contract which contained Levin’s covenants not to compete. Levin, who was terminated as an employee by OLC, initiated the litigation, and, in Count II of his complaint, sought a declaration that his non-competition covenants were unenforceable. At the same time Levin filed his complaint, he filed a motion for a declaration that the non-competition covenants were unenforceable and for an injunction to restrain OLC from enforcing the agreement or from interfering with his immediate re-employment efforts.
Levin obtained time for a two-day eviden-tiary hearing for his motion. In an attempt to determine whether Levin was at that early juncture seeking a permanent or temporary injunction, OLC obtained a short preliminary hearing to determine the issues to be considered at the evidentiary hearing. Levin preferred to remain mysterious about the type of injunction that he was seeking, advised the court that the issue could be tried without a jury, and advised the court that it would be able to enter a judgment on the merits of his Count II. He did offer to provide a “statement of particulars” before the evidentiary hearing.
Levin’s “statement of particulars” could be characterized as similar to a pretrial statement without witness or documentary disclo *62 sures, or as similar to a motion for summary judgment without supporting affidavits or references to the material facts. It contained an argument, inter alia, that the non-competition covenants were unenforceable because OLC had no legitimate business interests to protect. (Compare Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA), rev. denied, 591 So.2d 180 (Fla.1991) with Chandra v. Gadodia, 610 So.2d 15 (Fla. 5th DCA 1992), rev. denied, 621 So.2d 432 (Fla.1993)).
Three days before the evidentiary hearing, Levin amended the “statement of particulars” by adding the ground that the covenants were unenforceable because OLC materially breached the agreement in which the covenants were contained. On the day of the hearing, OLC renewed its previous objections to the procedures being followed and stated that it was not trying any issues by consent. At the conclusion of the hearing, at which testimony was presented, the court stated that it did not view the case presented as a temporary injunction case. The court characterized it as more like a summary judgment case. The judgment that is the subject of this appeal was then entered.
The court erred in entering the judgment whether the hearing could be characterized as one for consideration of a motion for summary judgment or as a trial to consider issuing a permanent injunction. Neither Levin’s motion nor his “statement” requests summary judgment, but, even if they could be construed to do so, they were defective because Levin failed to comply with rule 1.510, Florida Rules of Civil Procedure, which establishes the requirements of a summary judgment motion. The amendment of the statement three days before the hearing, where the amendment introduced a new issue which was relied upon by Levin at the evidentiary hearing and which was held dis-positive by the court, does not comply with the 20 day service provision of rule 1.510(c). Additionally, the court had to rely upon oral testimony at the hearing in order to reach his decision. Oral testimony is inappropriate at a hearing on a motion for summary judgment. Campbell-Settle Pressure Grouting & Gunite Co., Inc. v. David M. Abel Const. Co., 395 So.2d 247 (Fla. 3d DCA 1981). See Rule 1.510, Fla.R.Civ.P. The determination of disputed material facts cannot be properly accomplished during a hearing for summary judgment. Plescow v. Gulf States Zayre Inc., 350 So.2d 1147 (Fla. 3d DCA 1977).
Even if these proceedings are considered to have been a trial on the issue of whether a permanent injunction should be issued, these proceedings did not comport with the applicable rules of civil procedure. The matter had never been set for trial pursuant to rule 1.440, Florida Rules of Civil Procedure, and was not tried before a jury as demanded by OLC pursuant to rule 1.430, Florida Rules of Civil Procedure. The party who breached the contracts and the acts constituting the breach were very much in dispute. Those issues could not be decided without the jury trial OLC had demanded and to which it was entitled.
We recognize that Levin’s motion for an injunction was a case in equity that entitled OLC to a jury trial only with the court’s permission. F.R.W.P., Inc. v. Home Ins. Co., 450 So.2d 914, 195 (Fla. 4th DCA 1984). But here, OLC’s counterclaim was compulsory and the issue raised in the compulsory counterclaim was sufficiently similar or related to the issue raised by Levin’s equitable claim to require the jury trial demanded by OLC. A resolution of the common issue by the first finder of fact whether it be the judge in the equitable case or a jury in the action at law would necessarily bind the later finder of fact. Such common issues may not be tried nonjury since to do so would deprive the counterclaimant of the constitutional right to trial by jury. Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
The declaratory judgment and injunction are reversed and we remand for further proceedings consistent with this opinion.
REVERSED; REMANDED.
DIAMANTIS, J., concurs.
GRIFFIN, J., concurs specially in result, without opinion.