PER CURIAM.
The Estate of Jerome Bain appeals from an order of final summary judgment of garnishment. For the following reasons, we reverse.[1]
This appeal is the latest installment in a long history of litigation that began in 1989 between Jerome Bain, a realtor now deceased, and a property owner, Miller Lakes, over a real estate broker’s commission.[2] This particular piece of litigation introduces a new participant to the proceedings, Reinaldo Bibolini, a judgment creditor who obtained a judgment for breach of contract against Miller Lakes. That judgment is unrelated to the judgment for a real estate sales commission that Bain’s estate obtained.
The issue in this appeal concerns the ownership of an escrow fund held at Nations-Bank, consisting of $136,000.00 deposited by Miller Lakes during the real estate commission litigation between Bain and Miller Lakes. The funds remained untouched at NationsBank until Bibolini discovered the ac *93 count and sought a writ of garnishment against it to partially satisfy his judgment against Miller Lakes.
Bain’s estate intervened in the garnishment proceedings, and claimed that the es-crowed funds belonged to the estate, as the fund consisted of the unpaid real estate commission that Miller Lakes owed Bain. Biboli-ni argued that the funds belonged to the depositor, Miller Lakes, and that the money was available to satisfy his judgment against Miller Lakes.
Both parties filed motions for summary judgment; both filed affidavits that asserted conflicting claims of ownership of the escrowed funds. At the hearing on the cross motions for summary judgment, the trial court, over the estate’s objection, heard testimony from witnesses. The history of the litigation is long and convoluted, and the tidal court was understandably anxious to gain a full understanding of the proceedings. Nevertheless, under Florida Rule of Civil Procedure 1.510, “oral testimony is inappropriate at a hearing on a motion for summary judgment”, as “[t]he determination of disputed material facts cannot be properly accomplished during a hearing for summary judgment.” Orange Lake Country Club, Inc. v. Levin, 645 So.2d 60, 62 (Fla. 5th DCA 1994); see also Campbell Settle Pressure Grouting & “Gunite” Co. v. David M. Abel Constr. Co., 395 So.2d 247, 248 (Fla. 3d DCA 1981) (holding that even in the absence of an objection, trial court reversibly erred when it considered oral testimony at summary judgment hearing in order to resolve genuine issues of material fact); Plescow v. Gulf States Zayre, Inc., 350 So.2d 1147, 1148 (Fla. 3d DCA 1977) (“This Rule [Fla. R. Civ. P. 1.510] and the case law in Florida make clear that the taking of testimony, passing on the credibility of witnesses, and the determination of genuine material facts cannot be properly accomplished during a hearing for summary judgment.”).
We reverse and remand for further proceedings consistent with this opinion.

. Our disposition of the appeal renders moot the Petition for Constitutional Stay Writ.

. See, e.g., Estate of Bain v. Morales, 606 So.2d 1277 (Fla. 3d DCA 1992); Estate of Bain v. Gateway Group, Inc., 605 So.2d 167 (Fla. 3d DCA 1992).