VAN NORTWICK, J.
Thomas Grant and Grant Builders (collectively “Grant”) appeal the trial court’s order granting South Bay Ace Hardware Lumber and Paint Co. (“South Bay”) final summary judgment. Because the record indicates the existence of disputed issues of material fact, we reverse.
In September 2008, South Bay filed a complaint against Grant seeking to recover a debt in the alleged amount of $104,483.04 for materials and construction equipment purchased on credit by Grant. In its answer, Grant generally denied that it owed the debt and alleged, through its affirmative defenses, that it had paid South Bay for the materials and that South Bay had taken back all materials for which it had not paid. No specific project was refer *349 enced in either the complaint or answer and affirmative defenses.
In March 2010, South Bay moved for summary judgment. In support of its motion, South Bay filed an affidavit of its president and majority shareholder, John Pugh, averring that Grant had ordered several staircases and other materials from South Bay for Grant’s Summer Place project but had failed to make payment for the materials. Grant opposed summary judgment and attached to its response an affidavit of Thomas Grant, averring that payment had been made in full for the materials for the Summer Place project despite the fact that the stairs were nonconforming and additional sums of money had to be paid to make the materials fit.
Despite the apparent conflict regarding the issue of payment, after a hearing on South Bay’s motion, the trial court orally granted South Bay summary judgment. In its written order which followed, the trial court found that there was no question of material fact and that South Bay was entitled to judgment as a matter of law. The order did not discuss the dispute as to whether payment for the materials in question had been made. Further, the order was completely silent as to how the trial court resolved the apparent conflict between the parties’ affidavits. The trial court denied Grant’s motion for reconsideration and rehearing, and this appeal follows.
“Summary judgment is proper only when no genuine issue of material fact exists, after all reasonable inferences have been drawn in favor of the party opposing summary judgment.” Hinson v. Anderson Columbia Co., Inc., 897 So.2d 554 (Fla. 1st DCA 2005) (citing Floyd v. Homes Beautiful Constr. Co., 710 So.2d 177, 179 (Fla. 1st DCA 1998)). An order granting final summary judgment is reviewed de novo to determine whether issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. See Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 690 (Fla. 1st DCA 2008) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000).
Here, it is clear from the record that a dispute exists as to whether Grant has made payment for the materials for which South Bay asserts Grant is responsible. Whether a debt was actually owed on the materials sold for the Summer Place project is a factual issue material to the resolution of this case. The trial court could not have concluded that South Bay was entitled to judgment as a matter of law without first resolving the factual dispute presented by the parties’ conflicting affidavits regarding payment for the materials for the Summer Place project. Resolution of such factual disputes is not permissible through summary judgment. See Charles E. Burkett & Associates, Inc. v. Vick, 546 So.2d 1190, 1191 (Fla. 5th DCA 1989) (holding that the trial court should not have attempted to resolve issue raised by conflicting affidavits as to amount due under the contractual agreement at issue through summary judgment).
Accordingly, the trial court’s order granting South Bay Summary Judgment is REVERSED.
THOMAS, and MARSTILLER, JJ„ concur.