TORPY, J.
This consolidated appeal and cross-appeal pertains to a dispute over the improvements or damages made/caused by lessee, John Kehoe, to a parcel of land owned by Christine Garemore. The parties allege various errors surrounding the trial court’s final judgment and attorney’s fees orders. We affirm in part and reverse in part.
Kehoe initiated an action for quantum meruit, claiming that he was entitled to compensation for improvements he had made to Garemore’s property. Garemore alleged as a defense that the so-called improvements were defective and without value. Garemore also filed a counterclaim labeled an “action for equitable relief,” in which she made the same or similar claims of defective workmanship. The trial court severed the counterclaim, believing it to be equitable in nature, based on the label affixed to it by Garemore. It conducted a jury trial on Kehoe’s quantum meruit claim and Garemore’s defenses. During the jury trial, Garemore’s expert witness opined that it would cost $86,914 to cure defects in the work performed by Kehoe. As a consequence, she argued that the work performed by Kehoe was without value.[1] The jury determined that Kehoe was entitled to quantum meruit recovery in the amount of $43,997.46, but that Gare-more was entitled to an $800 offset for defects in the work.
*151 Following the jury trial and over Ke-hoe’s objection, the trial court ordered a separate bench trial on Garemore’s counterclaim, during which it heard largely redundant evidence about the claimed defective work. The court awarded Garemore $13,453 on her counterclaim, which it offset against the prior jury award.
On appeal, Garemore argues that she was short-changed by the jury’s offset because of a misleading and/or incorrect jury instruction on offset valuation. She concedes, however, that the jury verdict would have a preclusive effect on her counterclaim but for the purportedly erroneous instruction. Garemore also challenges the sufficiency of the trial court’s offset, claiming that the court also short-changed her. Kehoe challenges the propriety of the bench trial, contending that the jury trial settled the factual dispute regarding the value of the work, including the purported defects.
We need not address the merits of Gare-more’s jury instruction argument because her trial counsel failed to object to the instruction.[2] As a consequence, Garemore is bound by the jury’s determination that her total offset was limited to $800. Accordingly, irrespective of whether the counterclaim was appropriately severed and irrespective of whether it stated a cause of action distinct from the defenses, the jury’s determination was preclusive on the factual issues raised in the counterclaim. See Orange Lake Country Club, Inc. v. Levin, 645 So.2d 60, 62 (Fla. 5th DCA 1994) (“A resolution of the common issue by the first finder of fact whether it be the judge in the equitable case or a. jury in the action at law would necessarily bind the later finder of fact.”). We therefore reverse the judgment and remand this cause with instruction that the trial court enter judgment in accordance with the jury verdict.
Kehoe also challenges two orders awarding attorney’s fees to Garemore as the prevailing party on post-trial motions. Because we conclude that there was no legal basis for either of these awards, we reverse both orders.
In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
JACOBUS and BERGER, JJ., concur.

. Garemore concedes that she was not impeded in her evidentiary presentation or argument on this issue,

. Assuming that the instruction was erroneous, resulting in a miscarriage of justice, and that a proper and timely objection was lodged, the remedy would be a new trial. Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990).