# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2136
Lower Tribunal No. 14-7911
_____


## Donald James and Maureen James,
Appellants,

vs.

## Pneuma Construction Corp., a Florida Corporation and Larry D. Jones, individually,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

Arnaldo Velez; Benson Chiedozie Okafor, for appellants.

Henriques Law & Mediation Group, and G.O.L. Henriques, for appellees.


Before WELLS, EMAS and LOGUE, JJ.

WELLS, Judge.

Donald James and Maureen James, the plaintiffs/counter-defendants below, appeal from an order granting summary final judgment in favor of the defendants/counter-plaintiffs, Larry D. Jones and Pneuma Construction Corporation, on their counterclaim for breach of contract and to foreclose a construction lien. Finding that disputed issues of material fact preclude entry of summary judgment in this case, we reverse. See Grant Builders Group, Inc. v. South Bay Ace Hardware Lumber & Paint Co., 58 So. 3d 348, 349 (Fla. 1st DCA 2011) ("An order granting final summary judgment is reviewed *de novo* to determine whether issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.").

Donald and Maureen James own a home located in Miami-Dade County, which they sought to remodel. On June 14, 2013, Maureen James entered into an agreement with Pneuma Construction Corporation ("Pneuma") to perform construction work at the home. The parties' two-page agreement states only that Pneuma will install a tie beam, a new wall, and a slab on grade; that it will perform unspecified demolition; and, that it will provide masonry blocks and a dumpster at a total cost of $35,000.

The parties agree that some of the work called for in their contract was performed, but after the Jameses had paid a total of $28,000 on the project they stopped paying, claiming that Pneuma had failed to perform under the contract as

2

agreed. When Pneuma refused to continue to perform without further payment, the Jameses hired a new contractor to finish the work at an additional cost.

The Jameses subsequently filed a two-count complaint against Pneuma and Jones for breach of contract and unjust enrichment, seeking removal of a $10,225 construction lien filed by Pneuma and reimbursement of any "excess . . . funds" paid to Pneuma under the contract. Pneuma and Jones counterclaimed for breach of contract and foreclosure of Pneuma's construction lien.

On November 12, 2014, Pneuma and Jones moved for summary judgment on their counterclaims and filed an affidavit in support of that motion. That motion and affidavit claim that Pneuma contracted solely to construct a shell for the Jameses. Specifically, Pneuma argued that it was required only to "demolish the window on the east wall only to allow for one of the 5 supporting columns; trench the foundation, lay re-bars; pour the footer, erect the 5 supporting columns; install masonry blocks for the new walls which would enclose the addition; form the tie beam, including laying # 5 re-bars; pour the tie-beam with 3000 psi concrete; [and] install trusses, fascia board & plywood deck for the roof and slab on grade for interior." Pneuma further claimed that it was required to perform additional work pursuant to a number of change orders and that after performing 95% of this work, the Jameses had failed to pay as agreed.

In response to this motion and affidavit, Donald and Maureen James filed identical affidavits. These affidavits contradicted Pneuma/Jones' affidavits on virtually every point. Contrary to the Pneuma/Jones affidavit, the Jameses swore that Pneuma was obligated not just to demolish a window in the east wall, but to completely demolish the east-side wall and to construct an entirely new wall to accommodate additional rooms. Contrary to the Pneuma/Jones affidavit, the Jameses also swore that Pneuma was required not just to pour a footer, but to pour an entire concrete slab. Contrary to the Pneuma/Jones affidavit, the Jameses swore that Pneuma was not just to provide tie beams, but to both install them and to build an entire roof. The Jameses also swore that Pneuma was contractually obligated, but failed, to partition the space being worked on into six separate rooms and to provide a dumpster.

On July 23, 2015, Pneuma/Jones' motion for summary judgement was heard. During that hearing, the court below, while acknowledging that testimony could neither be taken nor considered in a summary judgment proceeding, proceeded to conduct a lengthy interrogation of counter-defendant Donald James. The trial court also looked at pictures of the jobsite on Mr. James' cellular telephone which previously had not been made part of the record or filed in advance of the motion for summary judgment. Despite the fact that the affidavits in support of and in opposition to the motion for summary judgment were

4

hopelessly contradictory, summary judgment in Pneuma/Jones' favor was granted. The court determined that $10,225 was owed to Pneuma/Jones and that Pneuma/Jones' construction lien should be foreclosed. Because this effectively denied the relief the Jameses were seeking, judgment was entered against them on their claim as well.

The Jameses appeal; for the following reasons, we reverse.

We need go no further than Florida Rules of Civil Procedure 1.510 governing motions for summary judgment to reverse the order on appeal. That rule expressly states that judgment may be summarily entered "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(1)(c). Because the affidavits on file in support of and in opposition to Pneuma/Jones' motion for summary judgment are diametrically opposed on virtually every, if not every, issue of material fact at issue here, no summary judgment should have been entered.

In reaching this conclusion, we do not suggest that had the parties adduced evidence consistent with their affidavits or had Mr. James been sworn and testified at a properly noticed bench trial that the result should have been or would have been different. We only hold here that the trial court could not have concluded that Pneuma/Jones was entitled to a summary judgment without first impermissibly

5

resolving material issues of fact, and that it was improper to consider matters not properly before the court at the time of the motion for summary judgment. See Grant Builders Group, Inc., 58 So. 3d at 349 ("The trial court could not have concluded that South Bay was entitled to judgment as a matter of law without first resolving the factual dispute presented by the parties' conflicting affidavits regarding the payment for the materials for the Summer Place project. Resolution of such factual disputes is not permissible through summary judgment."); Charles E. Burkett & Assocs., Inc. v. Vick, 546 So. 2d 1190, 1191 (Fla. 5th DCA 1989) (finding that conflicting affidavits created a genuine issue of material fact precluding entry of summary judgment); Goodman v. Anthony, 269 So. 2d 756, 757 (Fla. 3d DCA 1972) (finding the trial court erred in granting summary judgment "predicated upon the record before it, which contained sharply conflicting affidavits from the parties dealing with the issue of completion of the construction"); see also Estate of Bain v. Bibolini, 711 So. 2d 92, 93 (Fla. 3d DCA 1998) ("[U]nder Florida Rule of Civil Procedure 1.510, 'oral testimony is inappropriate at a hearing on a motion for summary judgment,' as '[t]he determination of disputed material facts cannot be properly accomplished during a hearing for summary judgment.'" (quoting Orange Lake Country Club, Inc. v. Levin, 645 So. 2d 60, 62 (Fla. 5th DCA 1994))); Fla. R. Civ. P. 1.510(c) ("The adverse party shall identify, by notice served pursuant to rule 1.080 at least 5 days

prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party shall serve a copy on the movant pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or by delivery to the movant's attorney no later than 5:00 p.m. 2 business days prior to the day of hearing.").

Accordingly, we reverse the summary final judgment entered below and remand for further proceedings.

Reversed and remanded.