# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0681
Lower Tribunal No. 19-1274

_____

**Antonio M. Gonzalez,**

Appellant,

vs.

**Richard Santana,**

Appellee.

An appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Choi & Menezes, LLP, and Il Young Choi, for appellant.

Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellee.

Before LOGUE, MILLER and LOBREE, JJ.

PER CURIAM.

In this quiet title action alleging fraudulent transfer of title, appellant, Antonio M. Gonzalez, appeals from a final summary judgment rendered in favor of appellee, Richard Santana. The parties actively litigated competing testamentary documents in a companion action in the probate court, but the real property at issue in this case was purportedly the subject of a conveyance effectuated prior to the death of the decedent. The parties' dueling summary judgment submissions are incapable of resolution under the applicable "old" Florida summary judgment standard. See Grant Builders Grp., Inc. v. S. Bay Ace Hardware Lumber & Paint Co., 58 So. 3d 348, 349 (Fla. 1st DCA 2011) ("The trial court could not have concluded that [appellee] was entitled to judgment as a matter of law without first resolving the factual dispute presented by the parties' conflicting affidavits . . . . Resolution of such factual disputes is not permissible through summary judgment."); Charles E. Burkett & Assocs., Inc. v. Vick, 546 So. 2d 1190, 1191 (Fla. 5th DCA 1989) ("The conflicting affidavits were 'on file' at the time of the hearing, created a genuine issue of material fact and a summary judgment should not have been entered."); Goodman v. Anthony, 269 So. 2d 756, 757 (Fla. 3d DCA 1972) (holding trial court erred in granting summary judgment "predicated upon the record before it, which contained sharply conflicting affidavits from the parties"); James v. Pneuma Const. Corp., 190 So. 3d 678,

2

680 (Fla. 3d DCA 2016) ("Because the affidavits on file in support of and in opposition to [appellees'] motion for summary judgment are diametrically opposed on virtually every, if not every, issue of material fact at issue here, no summary judgment should have been entered."); Babul v. Golden Fuel, Inc., 990 So. 2d 680, 684 (Fla. 2d DCA 2008) (finding the parties' "conflicting affidavits raised a genuine issue of material fact"). Accordingly, we are constrained to reverse the judgment under review and remand for further proceedings.

Reversed and remanded.